Corbett agt. De Comeau.

# N. Y. SUPERIOR COURT.

## JOHN J. CORBETT agt. LOUIS DE COMEAU.

*Examination of parties before trial — Code of Civil Procedure, sections 870 et seq. — by whom affidavit should be made — Action for libel.*

The affidavit upon which an order for the examination of a defendant, at the instance of the plaintiff before trial, is made, need not be sworn to by such adverse party. It is sufficient if such affidavit be made by his attorney or a third party.

A witness appearing in response to an order for his examination, at the instance of his adversary before trial, cannot object to being sworn, for the reason (the action being for libel) that a party should not be examined for the purpose of compelling him to prove against himself the publication of a libel. The objection is prematurely taken.

Such an objection is the personal privilege of the witness, and can only be urged when a question having that tendency is addressed to him.

Under the provisions of the Code of Civil Procedure such examination is now a matter of right (*Following Ludewig agt. Pariser ante 498*).

*Special Term, March,* 1878.

THE defendant appearing in response to an order for his examination, at the instance of the plaintiff before trial, objects to being sworn for the reasons : 1. That the affidavit upon which the order was made is not the affidavit of the plaintiff, but of his attorney. 2. That the action is for libel, and that a party should not be examined for the purpose of compelling him to prove against himself the publication of a libel. 3. That a bill of discovery would not, under the former practice, have been sustained for such a purpose.

*Coudert Bros.*, for defendant.

*W. F. Severance*, for plaintiff.

SANDFORD, *J.*— No provision of the Code relating to depositions require the affidavit upon which an order for the examination of a party to an action, at the instance of the adverse party before trial, to be sworn to by such adverse party personally. If the affidavit sets forth the requisite facts, and is presented to a judge of the court in which the action is pending, he must grant the order, whether the affidavit be made by the applicant, his attorney or a third party (*Dernan* agt. *Van Zandt*, 2 *J. C.*, 69). I have held, in *Ludewig* agt. *Pariser* (*See ante* 498), that the examination of a party to an action before trial, at the instance of an adverse party, under sections 870 *et seq.* of the Code of Civil Procedure, is a matter of right, and no longer rests in discretion. The objection that questions may be addressed to the witness under examination which, if answered, would tend to criminate him, is prematurely taken; such an objection is the personal privilege of the witness, and can only be urged when a question having that tendency is addressed to him. In such case his refusal to answer may be justified, but the possibility of being asked such a question affords no justification for refusing to be sworn. As the examination is now a matter of right, under the existing provisions of law, it is unnecessary to consider whether a bill of discovery could have been resorted to for the same purpose under the former practice. The defendant must be sworn.