## CARR v. RISHER.

*N. Y. Supreme Court, First Department, General Term; October, 1887.*

*Examination before trial.*] In an action upon a stale claim on a bond, more than twenty years old, and not originally made to plaintiff, and all the original parties to the bond being dead, defendant is entitled to examine plaintiff before trial, as to the manner in which he acquired the cause of action, and the good faith of his ownership.†

Appeal from an order vacating an order for plaintiff's examination before trial.

---

* So held in Havemeyer Sugar Refining Co. v. Taussig, 19 *Abb. N. C.* 57.

† In Jenkins v. Putnam, 106 *N. Y.* 272, an order vacating an order for the examination of a party before trial, was *held* not reviewable in the court of appeals, unless the decision appeared to have been based upon some ground of law not involving discretion. The court further say that, although Code Civ. Pro. § 873, provides that the judge "must" grant an order for the examination upon presentation of an affidavit conforming to the requirements of the previous section, yet the language is not absolutely mandatory, and does not bind the judge to grant the order or deprive him of all discretion.

It has been the prevailing practice in all the courts of record, in the first district at least, to grant the order *ex parte* as of course upon presentation of proper affidavits, leaving the adverse party to the remedy of a motion to vacate.

This action was brought by John F. Carr against John C. Risher, to recover the amount of twelve bonds for $1,000 each, dated September 28, 1865, and payable on October 1, 1868, issued by a mining company organized under the act of 1848, c. 40, and which were alleged to have been duly transferred and delivered to the plaintiff for value before maturity.

The plaintiff sought to hold the defendant liable for the amount of the bonds, upon the ground that he was a trustee of the company in 1865, 1866 and 1867, and that the annual report of the company was not filed in January, 1867, as required by statute, and that a certificate of the payment of the capital stock of the company, filed September 23, 1867, and signed and verified by defendant, was false.

To prevent the bar of the statute, the complaint alleged that since the organization of the company the defendant had resided continuously without the State and in the State of Pennsylvania, and that plaintiff had not been able, therefore, to serve the summons upon the defendant in the action, in this State. The answer contained a general denial, and also set up the statute of limitations.

The affidavit of the plaintiff, upon which the order for defendant's examination was obtained, alleged that all of the trustees of the company, at the times mentioned in the complaint, other than the plaintiff, were now dead, with the exception of one trustee, who resided in Illinois, and that the secretary of the company was Augustus S. Jerome, of New York city, and its treasurer, at first, Robert S. Whigham, of Brooklyn, and afterwards, Daniel Billings, of New York city, and that said Whigham was now dead; and further alleged as follows:

" At a meeting of the trustees of the said company and of the holders of, as I believe, all bonds ever issued by the said company, held in New York, in 1870, it was unanimously agreed that said company should engage in

no further business, that its mining property should be surrendered to the vendors, and that all bonds thus issued should be deemed to be canceled.

" Shortly thereafter, the property which the company had purchased was returned to the vendors; and no business of any kind was ever afterwards done by the said company. Only a portion of the bonds of the company was negotiated; and I am confident that at least ten of the bonds, upon which the plaintiff founds his claim in this action, were never negotiated. I never heard of the plaintiff or of any claim in relation to the said twelve bonds until I was served with the summons in this action in August, 1886; and I verily believe that the plaintiff obtained the said bonds after the maturity thereof, or with full notice of any defects in the manner of issuing them, and that this suit is a mere speculation.

" The said Daniel Billings and Augustus S. Jerome had principal charge of the affairs of the corporation in New York. Both these gentlemen, as I am informed and believe, died about ten years ago; and, although I have made diligent search to ascertain who are their legal representatives, I have been unable to do so, and have not yet succeeded in discovering what became of the books of the said company which were left in the possession of the said Billings after the said meeting, in 1870.

" Owing to my inability to discover the books of the said company, my principal means of disproving the plaintiff's case will be by the testimony of the plaintiff himself; and I intend to use his deposition upon the trial of this action if I am allowed to take it.

" I am advised by my said counsel and believe that the plaintiff could, upon the trial of this action, prove the main facts of his case by merely offering the said bonds in evidence, and that it would not be necessary for the plaintiff himself to appear and testify as to how or when he obtained the bonds, or what consideration he paid for them. The plaintiff may, therefore, absent himself entirely

from the trial of this action; and, unless I have his deposition, it will be impossible for me to prove that plaintiff was not a purchaser of said bonds in good faith for value and before maturity."

Upon plaintiff's motion, the order for his examination was vacated by the judge who granted it, and from the order vacating it the defendant appealed.

*Everett P. Wheeler* (*Shearman & Sterling,* attorneys) for the defendant, appellant.

*John H. V. Arnold* (*Gilbert D. Lamb,* attorney), for the plaintiff, respondent.

PER CURIAM.—The claim in this action being stale, having arisen more than twenty years prior to the commencement of the action, and all the parties being dead from whom the defendant might procure the necessary information to enable him to prepare for trial, it is proper that he should be allowed to examine the plaintiff upon the subject of the manner in which he became the owner of the bonds which formed the foundation of the cause of action mentioned in the complaint, and of the *bona fides* of such ownership.

Such an examination would not be, in view of the peculiar circumstances of the case, a fishing examination, but would only furnish the defendant with information of facts which it would be impossible for him to establish in any other way.

To this extent, the defendant should have been allowed to examine the plaintiff as a witness before trial.

The order must, therefore, be reversed, with $10 costs and disbursements, and an order entered allowing such examination.