JAMES BIGLER, Respondent, *v.* JOSEPH W. DURYEE, Appellant.

*Examination of a party before trial, after issue joined — purpose of — requisites of the affidavit.*

The examinations of parties before trial may be allowed with liberality and executed comprehensively, but cannot be permitted for the purposes of exploration or discovery, or to furnish a means for the acquisition of knowledge respecting the testimony to be encountered upon the trial of the action.

Before an order can properly be made for the examination of a party before trial after issue joined, it must appear that his testimony is material and necessary for the prosecution or defense of the action, and in such an action as one brought upon a promissory note, against the maker, it must be made to appear by affidavit that special circumstances exist which render it proper that the party should be examined.

APPEAL by the defendant, Joseph W. Duryee, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of Orange county on the 24th day of June, 1893, denying the defendant's motion to vacate an order theretofore made by a justice of the Supreme Court, on the application of the plaintiff, for the examination of the defendant before trial, pursuant to the provisions of article 1 of title III of chapter IX of the Code of Civil Procedure.

The affidavit upon which the order for the defendant's examination was granted was as follows:

"JAMES BIGLER, of the city of Newburgh, county of Orange, and State of New York, being duly sworn, says: That he is the plaintiff in the above-entitled action.

"That said action was commenced on the 　　　 day of March, 1893, by the above-named plaintiff, this deponent, who resides at the city of Newburgh, against Joseph W. Duryee, the above-named defendant, who resides at the city of New York, and said action is now pending in the Supreme Court, and the place of trial is the county of Orange.

"That said defendant has appeared and answered by Messrs. Norwood & Coggeshall as his attorneys, whose office address is No. 140 Nassau street, New York city, and that the plaintiff, this deponent, has appeared by E. A. Brewster as his attorney, whose office address is No. 45 Third street, Newburgh, New York.

" That said action is brought to recover the balance due on a promissory note as more fully appears by the complaint, a copy of which is annexed hereto and marked Exhibit ' A ' and made a part of this affidavit.

" That the nature of the defense of this action fully appears by the answer, a copy of which is annexed hereto and marked Exhibit ' B ' and made a part of this affidavit.

" That the testimony of the said defendant, who resides in the city of New York, in the county of New York, is material and necessary for the plaintiff, and for the prosecution by the plaintiff of the said action.

" That the following facts and circumstances render the examination of said defendant material and necessary :

" That the action is brought upon a promissory note for $11,400, signed with defendant's name, dated July 1st, 1876, and payable on demand as appears more fully *supra*.

" That defendant does not deny the making and delivery of the note.

" That payments were made to plaintiff on account of said note, by or on behalf of defendant at different times ; that the last of said payments was made within six years next before the commencement of this action.

" That said payments were stated to plaintiff by or on behalf of defendant to be made on account of said note, and the indebtedness represented thereby.

" That it does not appear from the discharge in bankruptcy set forth in defendant's answer that said note or indebtedness represented thereby was included therein.

" That the payments alleged by plaintiff to have been made on account of said note, and as to which defendant's examination is sought, were made by an exchange through the mail of notes between the plaintiff and defendant, the difference between the notes when paid being applied by plaintiff on account of this indebtedness, pursuant to the letters accompanying the notes ; that the notes purporting to be signed by defendant were forwarded by mail to plaintiff in letters not signed by defendant, but signed by one Bloomer, stating that he signed them on behalf of defendant ; that plaintiff does not know whether he acted for defendant or not ; that

he does not know where said Bloomer now is, nor can be found, nor what his authority was; that the notes claimed by the plaintiff to be those of the defendant given in exchange for plaintiff's notes are no longer in the possession of plaintiff, nor does plaintiff know where they are; that unless plaintiff proves these payments, the note in suit is barred by the Statute of Limitations, which is pleaded in the answer; that if plaintiff waits until the trial of the case, he cannot prove his case, because he cannot procure the attendance of said Bloomer or said defendant at that time, and without their testimony he cannot prove the agency of said Bloomer or the execution and delivery of said notes.

" That even if plaintiff could find said Bloomer, he might, in the trial, deny that he was authorized to sign these letters and thus defeat plaintiff, and defendant, by denying the authority of said Bloomer, by leaving the jurisdiction at the time of trial, could prevent plaintiff from proving this affirmative part of the case, for under the plea of the statute he need not be present at the trial in order to succeed. That the above facts sought to be proved by the examination of defendant are not known to plaintiff; that plaintiff makes this application in good faith, and cannot prove said facts except by the testimony of defendant.

" That said defendant resides at No. 39 West 97th street, in the city of New York, and regularly transacts his business in the city of New York.

" That no previous application has been made herein for an order for the examination of said defendant.

" That said examination is to be had for using the testimony as evidence upon the trial of said action."

*Charles B. Reid*, for the appellant.

*Eugene D. Hawkins* and *E. A. Brewster*, for the respondent.

DYKMAN, J. :

This is an appeal from an order denying a motion made by the defendant to vacate an order for his examination as a party before trial after issue joined.

Although the affidavit upon which the order for the examination was based is not named as one of the papers upon which the motion

to vacate would be made, yet the insufficiency of that affidavit is now set up as the reason why the motion to vacate should be granted.

Examinations of parties before trial have come to be common now and very useful, and according to the expression of the Court of Appeals in the case of *Herbage* v. *City of Utica* (109 N. Y. 82), they may be allowed with liberality and executed comprehensively.

Reasonable rules have been prescribed by the Code and the court rule, which must receive compliance upon applications for these orders. They cannot issue for the purposes of exploration or discovery. Under our system of practice there is no means provided for the acquisition of knowledge respecting the testimony to be encountered upon the trial of an action.

Before an order can properly be made for the examination of a party before trial after issue joined, it must appear that his testimony is material and necessary for the prosecution or defense of such action. In a case like this it must be made to appear by affidavit that special circumstances exist which render it proper that the party should be examined.

The application must be honest and meritorious and free from ulterior designs.

The affidavit upon which this order was granted states that the testimony of the defendant is material and necessary for the plaintiff and for the prosecution by him of this action.

Then the facts and circumstances which render the examination necessary are fully stated and they are entirely satisfactory. The affidavit is not only a full compliance with the requirements of the Code and the rule,* but the facts stated satisfy us that the examination of the defendant is necessary to secure the due administration of justice, and that the testimony will be necessary upon the trial of the action.

The order should be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Order denying motion to vacate order affirmed, with ten dollars costs and disbursements.

---

* Section 872 of the Code of Civil Procedure and rule 83 of the General Rules of Practice.— [REPORTER.