(18 Misc. Rep. 561.)

RAILWAY AGE AND NORTHWESTERN RAILROADER v. PRYIBIL.

(City Court of New York, General Term. November 30, 1896.)

EXAMINATION OF PARTY BEFORE TRIAL.—AFFIDAVIT.

   Under Code Civ. Proc. § 872, which requires that a party wishing to examine the adverse party before trial shall present an affidavit showing certain matters, an affidavit of the party's attorney is sufficient.

Appeal from special term.

Action by the Railway Age and Northwestern Railroader against Paul Pryibil. From an order vacating an order for the examination of defendant before trial, plaintiff appeals. Reversed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

Omar Powell, for appellant.

R. H. Arnold, for respondent.

O'DWYER, J. This is an appeal by the plaintiff from an order granted by the special term of this court, vacating and setting aside an order for the examination of the defendant before trial. On the return of the order for the examination, the court granted defendant's motion to vacate the same upon the papers upon which it was

made.   From the papers upon which the order was granted, it appears that the respondent, through its agent, one Saur, made a contract with the plaintiff to publish the advertisement of the defendant in the "Railway Age" for a period of four years.   The first year's advertising has been paid for, but the second has not; and, upon this action being brought to recover therefor, defendant denies that Saur was his agent, or had authority to make the contract. Respondent's counsel admits that the whereabouts of Saur is unknown to either of the parties to this action, and probably will be for some time or years to come.   It also appears from the affidavit upon which the order for the examination of the defendant was granted that the plaintiff had sought to find Saur, and ascertain his whereabouts, in order that the plaintiff might have him as a witness upon the trial of this action, in order to prove his authority and agency in the making of said contract; that plaintiff had been unable to find Saur, or to ascertain his whereabouts; that plaintiff's attorney had requested the defendant's counsel to give him the address of Saur, and defendant's counsel replied they did not know his whereabouts.   The examination is resisted by the defendant upon the grounds that the same is purely a fishing excursion, and is only sought for the purpose of enabling the plaintiff to ascertain whether or not it has a cause of action against the defendant; and that the defendant is a resident of the city of New York, and on the trial of the action can be examined as a witness for the plaintiff.   It was upon both of the grounds just stated that the learned justice at special term vacated the order for the defendant's examination.   No defect was pointed out in the affidavit, except that, as the affidavit was made by the plaintiff's attorney, it was "no proof by the plaintiff."

Section 872 of the Code provides that the order shall be granted upon an affidavit.   The affidavit may be made by a third person having knowledge.   Corbett v. De Comeau, 54 How. Prac. 506; Lane v. Williams, 20 Wkly. Dig. 16; Hanson v. Marcus, 8 App. Div. 318, 40 N. Y. Supp. 951.   Whether Saur had authority of the defendant to make the contract is, of necessity, within the knowledge of the defendant and Saur.   The agency of Saur is a fact necessary to establish the plaintiff's cause of action.   The plaintiff has been unable to find Saur, and the defendant is the only person by whom the plaintiff can prove the agency.   That the testimony of the defendant is necessary and material for the plaintiff cannot be doubted.   True, it might wait until the trial, and take the risk of its ability to procure the witness, or produce him, but it is not bound to do so.   The Code permits the examination of an adverse party before the trial, instead of at the trial; and in this case we think that the plaintiff should be given an opportunity to examine the defendant before the trial.

The order of the special term appealed from is reversed, with $10 costs and disbursements; and the defendant is directed to appear for examination under the order heretofore granted, upon a day to be fixed in the order entered hereon.   All concur.