ADELE W. LEACH, Respondent, v. FRIEND C. HAIGHT and I. MARSHALL FREESE, Appellants.

*Action against brokers to recover margins — examination of the defendants before trial to show that the transactions reported by them were fictitious.*

In an action to recover money deposited with brokers as margins for certain dealings in stocks which, the plaintiff alleges, were never bought or sold for her as she had ordered, the brokers having rendered to her accounts of fictitious transactions and misappropriated her moneys, the plaintiff, upon showing that she cannot get the information from the Consolidated Exchange, where the transactions were alleged to have taken place, or from the Exchange Clearing House, is entitled to an examination of the defendants, the brokers, before trial, although they allege that they have preserved no records that will show what their transactions were, and that all the accounts rendered by them were true.

.APPEAL by the defendants, Friend C. Haight and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of October, 1898, denying the defendants' motion to vacate an order for their examination before trial.

*H. W. Simpson*, for the appellants.

*Edwin R. Leavitt*, for the respondent.

PATTERSON, J. :

An order for the examination of the defendants before trial and requiring them to produce books and papers for inspection having been granted and served, the defendants moved to vacate it. That motion was denied, so far as the examination of the defendants as witnesses is concerned, but the requirement that books and papers be produced was stricken out. The defendants now appeal from the order denying the motion to vacate.

The question is, whether the plaintiff is entitled to the examination directed. She sued to recover back moneys deposited with the defendants as margins for certain dealings in stocks. She declares that the defendants never bought or sold stocks for her as she had ordered, but rendered accounts of fictitious transactions, and that they have misappropriated her moneys. They state that all the accounts rendered by them were true, and that transactions resulting in the loss of all the plaintiff's money, except a small balance, were made by them as their accounts represent. They state that they were members of and operators on the Consolidated Exchange, and that the transactions they refer to were had on that exchange. The plaintiff swears that she learned that all the dealings of the defendants on the Consolidated Exchange on the days on which they claim to have bought shares for her did not equal in amount the transactions they swear were had by them for her. The defendants allege that they have preserved no records that will show what those transactions were; that they were had through various brokers whose names they do not now know and have no means of ascertaining. In other words, they desire to escape an examination for the reason of an alleged inability to answer questions. What the plaintiff desires is to examine the defendants to find out just what

the defendants did with her money. She has made out what appears *prima facie* to be a case of fraud.

It is not to be disputed that, if the defendants misapplied the plaintiff's moneys, they are liable in this form of action. (*Prout v. Chisolm*, 21 App. Div. 54.) She shows that she has no way of ascertaining what the defendants did with her money, except by examining them, and she declares that it is her purpose to use that examination on the trial. She must get the information from them or go without it. She cannot get it from the Consolidated Exchange or the Exchange Clearing House, for reasons stated in her affidavit. An order for the examination of the defendants, under such circumstances, is authorized. The question was discussed and disposed of in *Dyett* v. *Seymour* (50 Hun, 276), which was an action against brokers similar to this.

It is claimed that the order cannot be sustained because the affidavit of the plaintiff is upon information and belief alone, but she discloses in her affidavit the grounds of her belief as to the fictitious character of the alleged purchases and sales, namely, depositions of various officers of the Consolidated Exchange, showing that on numerous dates, when the defendants charged the plaintiff with purchases and sales of stocks, they had not cleared in their whole business on the Exchange, on which their operations were supposed to be conducted, as many stocks as they pretend by their statements to have bought or sold for the plaintiff. The case, therefore, differs from *Jiminez* v. *Ward* (21 App. Div. 387) in that regard.

The order appealed from must be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and O'BRIEN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.