(34 Misc. Rep. 223.)

### BAGLEY v. WINSLOW.

(Supreme Court, Special Term, Erie County.   March, 1901.)

DISCOVERY—EXAMINATION OF ADVERSE PARTY.

>   An order to examine an adverse party before trial will not be granted unless the necessity for such an examination before trial is clearly shown, and unless it appears that material facts are in his knowledge which the moving party cannot in any other manner establish.

Action by Mary W. Bagley against Josephine W. Winslow. Motion to vacate an order to examine defendant before trial. Denied.

L. L. Babcock, for the motion.

J. J. Hurley, opposed.

KRUSE, J. It may be regarded as settled by the court of appeals that an order to examine a party to an action at the instance of his adversary is a discretionary order. Jenkins v. Putnam, 106

N. Y. 272, 12 N. E. 613. Without attempting to lay down any general rule when such an examination may be properly had, or to harmonize the various decisions in this state, it may be said that courts now generally require the necessity to be shown for having such an examination before the trial. Hay v. Zeiger, 50 App. Div. 462, 64 N. Y. Supp. 202; Williams v. Folsom, 52 Hun, 68, 5 N. Y. Supp. 211; Skinner v. Steele, 88 Hun, 307, 34 N. Y. Supp. 748; Britton v. MacDonald, 3 Misc. Rep. 514, 23 N. Y. Supp. 350. Just when this necessity arises, it may at times be difficult to determine. That such an examination will not ordinarily be permitted solely to ascertain in advance the nature of the testimony which the party will give upon the trial seems clear. Each case must necessarily be determined upon its own peculiar circumstances. In this case it appears that the promissory note upon which the action is brought is barred by the statute of limitations unless it can be established that certain payments which were made by Lauren C. Woodruff, now deceased, and one of the makers of the note, were made as agent for the defendant. The affidavit of the plaintiff tends to show that such relation did exist between the defendant and Woodruff, and that Woodruff acted as the defendant's agent in making payments upon the note; that these facts are peculiarly within the knowledge of the defendant; and that the plaintiff has no other means of establishing that fact. Under such circumstances the examination has been permitted. Carter v. Good, 57 Hun, 116, 10 N. Y. Supp. 647; Leach v. Haight, 34 App. Div. 522, 54 N. Y. Supp. 550; Carr v. Risher, 20 Abb. N. C. 176. And it seems that the mere fact that the party to be examined may be present at the trial is not sufficient to revoke the order. Presbrey v. Public Opinion Co., 6 App. Div. 600, 39 N. Y. Supp. 957; Railway Age & Northwestern Railroader v. Pryibil, 18 Misc. Rep. 561, 42 N. Y. Supp. 697.

While the conclusion has been reached not to vacate the order, the examination should be limited solely to the question as to whether Lauren C. Woodruff acted as the agent of the defendant in making payments upon the promissory note set forth in the complaint. The time and place for the examination may be fixed in the order, and, unless agreed upon by the attorneys for the respective parties, to be settled upon two days' notice.

Ordered accordingly.