(39 Misc. Rep. 235.)

### BUTLER v. DUKE et al.

(Supreme Court, Special Term, New York County. November, 1902.)

1. DISCOVERY—EXAMINATION OF DEFENDANT—AFFIDAVIT.

An order for the examination of certain defendants to enable plaintiff to frame his complaint will not be granted unless an affidavit shows that he has a cause of action, and also, by facts and circumstances, that the examination is necessary, and that he has insufficient information to frame the complaint, and the defendants have information which ought to be stated therein in order to obtain adequate relief.

2. SAME—ACTION BY STOCKHOLDER.

A stockholder of a corporation, who had exchanged his common stock for the bonds of a consolidated company, in his affidavit for the examination of the directors of his company, whom he had made defendants, together with other corporations, and the directors thereof, who constituted the consolidated company, alleged that they had deceived him as to the value of his stock, and, at his expense, enriched themselves by the difference between the interest paid on the bonds issued to him and the earning capacity of his stock, and that he had been damaged as an individual. Held, that he would not be allowed to examine, before the trial, certain of his directors, as he had a sufficient basis in such alleged misrepresentations, deception, and injury resulting therefrom, to frame a complaint for deceit and damages.

3. DECEIT—PLEADING.

In an action for deceit in inducing plaintiff to enter into a consolidation of certain corporations, a conspiracy need not be alleged in order to be proved.

4. SAME.

In an action for fraud, plaintiff is not entitled to an examination of defendants to obtain "precise information as to the fraud," as he could allege it on information and belief.

¶ 1. See Discovery, vol. 16, Cent. Dig. §§ 69, 70.

5. SAME—AMOUNT OF DAMAGES.

In an action for deceit, plaintiff is not required to state the amount of his damages accurately, and therefore is not entitled to an examination of defendants for that purpose.

Action by George P. Butler against James B. Duke and others. Motion to vacate an ex parte order for an examination of two of the defendants to enable the plaintiff to frame his complaint. Granted.

W. Bourke Cockran, for plaintiff.
Nicoll, Anable & Lindsay, for individual defendants.
W. W. Fuller, for Consolidated Tobacco Co.
Junius Parker, for American Tobacco Co. and American Snuff Co.
Martin S. Watts, for Continental Tobacco Co. and American Cigar Co.
Samuel B. Clarke (De Lancey Nicoll, Samuel B. Clarke, Raymond D. Thurber, W. W. Fuller, and Junius Parker, of counsel), for Morton Trust Co.

CLARKE, J. An action has been commenced by the service of a summons, and an order for the examination of Duke and Ryan, two of the defendants, has been granted ex parte for the purpose of enabling the plaintiff to frame his complaint, pursuant to article 1, tit. 3, c. 9, of the Code of Civil Procedure. This motion is made to vacate the order, claiming that the affidavit upon which the order was issued is insufficient. The material facts stated in the plaintiff's moving affidavit, as of his knowledge, are that the defendants Duke and Ryan are directors of the American Tobacco Company and of the Consolidated Tobacco Company, and a majority of the other individual defendants are directors of both companies. The corporate defendants are the Consolidated Tobacco Company and the Morton Trust Company. The plaintiff is a stockholder in the American Tobacco Company. The action is brought to recover the difference between the value of 100 bonds of the Consolidated Tobacco Company, for which plaintiff exchanged 1,000 shares of American Tobacco Company common stock, and the actual value of said stocks. The American Tobacco Company stock was originally acquired by the plaintiff upon a merger of the Union and American Tobacco Companies, and at that time Ryan assured the plaintiff that, if the plan of merger were adopted, Ryan would be elected to the board of directors of the American Tobacco Company, and would keep the plaintiff fully informed of everything affecting the property and business of the American Tobacco Company. Relying upon this assurance, the plaintiff withdrew his opposition to the merger, and the two companies were consolidated. Ryan was elected to the board of directors of the American Tobacco Company, and has ever since continued to serve in said capacity. For a year prior to June, 1901, the plaintiff heard nothing from Ryan, and never received any information concerning the business of the American Tobacco Company, except what was contained in the report of the treasurer as of the 31st day of December, 1900. In said report the directors will-

fully concealed from its stockholders the gross earnings and expenses of the company. The plaintiff paid little attention to the report, as he relied upon the assurance of Ryan. The Consolidated Tobacco Company was formed about 1901, ostensibly for the purpose of acquiring stocks of corporations engaged in the manufacture of tobacco. Upon the formation of the Consolidated Company, a circular was issued inviting the stockholders of the American Tobacco Company to exchange their common stock for 4 per cent. 50-year gold bonds of the Consolidated Company, upon the basis of $100, par value, for said bonds, for each share (par value $50) of the stock. The circular was indorsed, "Issued by order of the directors," and signed by Duke, president. The plaintiff knew that the stock was earning much more than the amount necessary to pay the interest on the bonds which were proposed to be exchanged for it, and he knew that congress had passed a law by which taxation theretofore paid by the American Tobacco Company would be reduced by over 40 cents per 1,000 cigarettes, but was unable to say whether the tobacco company would give the benefit of such reduction to the consumers, or would add the sum of such reduction to its earnings, whereby revenues applicable to dividends on common stock would be largely increased. The plaintiff, being unwilling to base his request for information upon the assurance by Ryan, sought, through his attorney, an explanation from Ryan of the offer contained in the circular of the Consolidated Tobacco Company. The correspondence is set out at length, and the plaintiff's attorney therein charges that the purpose of Duke's advertisement was to induce the stockholders of the American Tobacco Company to part with their stock for very much less than its value by deliberately concealing from them the fact that on the 1st of July its earning powers would be largely increased. The only reply made by the defendant Ryan states that "the entire transaction to which you refer is, so far as I am aware, fully set forth in the published advertisement," and makes a request that the names of the stockholders who desired the information be disclosed. It appears from the correspondence that the names of the stockholders were not disclosed. Upon the advice of his attorney that if, under certain conditions, the directors were enriched at his expense, the plaintiff could make them account, he deposited half his stock, and took the bonds in exchange. Since the plaintiff deposited his stock, the defendants Ryan, Duke, and others have increased the dividend on the common stock of the American Tobacco Company from 6 to the present rate of 10 per cent. By inducing the plaintiff to part with his stock as aforesaid, the Consolidated Tobacco Company has secured for itself all the earnings on said common stock over and above 8 per cent., without paying any consideration whatever therefor. The plaintiff is ignorant of the earnings of the American Tobacco Company, the extent of its assets, and the condition of its property. The defendants Ryan and Duke are fully aware thereof. It is necessary, in order to frame his complaint, to examine Ryan and Duke upon these matters so that he can ascertain the value of the property which he and other stockholders have been induced to part with in ignorance of its true value by the corrupt refusal of the defendants to give such

stockholders information. The plaintiff further alleges in his affidavit, upon information and belief, "that the real purpose for which said Consolidated Tobacco Company was organized was to enable the organizers and directors thereof, and the individual defendants herein, to divert from the stockholders of the American Tobacco Company, including the plaintiff, to themselves, a large proportion of the earnings of the said company to which the said stockholders were lawfully entitled, and to acquire from the said stockholders their stock for the benefit of said directors for much less than its real value, by deceiving said stockholders as to the earnings and earning capacity of said American Tobacco Company"; that the earnings of said company would justify dividends of 15 to 20 per cent.; that the Consolidated Tobacco Company is not engaged in any tobacco business, its property and assets, over and above its alleged capital, consisting in the difference between the price paid for the stock of the American Tobacco Company, to the holders thereof, and the real value of said stock; that the $30,000,000 asserted in the circulars signed by Duke as subscribed to the stock of the Consolidated Tobacco Company was obviously intended to be understood as an assertion of a guaranty for the payment of interest on the bonds, and was wholly misleading, and merely another feature in the scheme of fraud; that the only property pledged for the payment of said bonds is stock for which they were exchanged; that said capital, if it were actually subscribed, remains wholly in control of the subscribers, who are the directors of the Consolidated Company; that by means of the misleading circular, and other fraudulent misrepresentations and devices, the Consolidated Tobacco Company has obtained all the stock of the American Tobacco Company, except about 12,000 shares. The Consolidated Tobacco Company is substantially owned by the defendants named, and whatever value its stock has over and above par represents the measure of success which the defendants have achieved in defrauding the stockholders of the American Tobacco Company. The Consolidated Tobacco Company is but a mask for said Ryan and the other defendants herein, and is, in truth and in fact, the capitalization of a gigantic swindle, the profits of which the participants sought and are seeking to divide under the guise of a corporate organization. The earnings of the American Tobacco Company are concealed by the diversion thereof to the subordinate or allied companies controlled by the Consolidated Tobacco Company and the defendant Duke.

For the purposes of this motion, the allegations in the affidavit on which the order was granted must be assumed to be true, as the defendants move to vacate on the original papers. When application is made to examine a party before trial, the affidavit must convey to the court such knowledge of the facts as to convince the court that the examination is desired solely for the purposes authorized by the Code. In re Bronson, 78 Hun, 351, 39 N. Y. Supp. 112. For this reason, it has uniformly been held that when a plaintiff, for the purpose of framing his complaint, obtains an order for the examination of a defendant, he must establish by affidavit the existence of a cause of action in his behalf (Muller v. Levy, 52 Hun, 123, 5 N. Y. Supp. 118), and the examination cannot be had for the purpose of ascer-

taining whether or not the plaintiff has a cause of action (Pots v. Herman, 7 Misc. Rep. 4, 27 N. Y. Supp. 330; In re Bryan, 3 Abb. N. C. 289; In re Dounce, 7 Civ. Proc. R. 426; Bigler v. Duryee, 73 Hun, 556, 26 N. Y. Supp. 112; De Leon v. De Lima, 66 How. Prac. 287; In re Anthony & Co., 42 App. Div. 66, 58 N. Y. Supp. 907; In re White, 44 App. Div. 119, 60 N. Y. Supp. 702; Long Island Bottlers' Union v. Bottling Brewers' Protective Ass'n, 65 App. Div. 459, 72 N. Y. Supp. 976). On the other hand, it is uniformly held that, if it appears from the affidavit that the plaintiff has sufficient information to frame a complaint, he should not be permitted to examine the defendant, because it is unnecessary. Hutchinson v. Simpson, 73 App. Div. 520, 77 N. Y. Supp. 197; Schmerber v. Reinach, 38 App. Div. 622, 58 N. Y. Supp. 84; Green v. Carey, 81 Hun, 496, 31 N. Y. Supp. 8; De Lacey v. Walcott, 59 N. Y. Super. Ct. 137, 13 N. Y. Supp. 800; Martin v. Clews, 55 N. Y. Super. Ct. 552. These decisions do not deprive the plaintiff of the privilege of examination in any event, as might at first appear, but limit the examination to cases where there is compliance with the twofold requirement, to show the existence of an actionable grievance, and at the same time a lack of substantive matter required to be stated in the complaint. The affidavit of the plaintiff applying for the order need not state a complete cause of action, provided it appears that the plaintiff is entitled to some relief. Hart v. Chase, 67 App. Div. 445, 73 N. Y. Supp. 957; Frothingham v. Railroad Co., 9 Civ. Proc. R. 304. But when it appears that the plaintiff is entitled to relief, it must then further appear that he cannot formulate a complete statement of the relief sought without the aid of the examination of the defendant. A mere general averment that the testimony is material and necessary is insufficient, where the affidavit on which the order was granted does not specify the facts and circumstances which show that the examination of the person is material and necessary, in conformity with rule 82 of the general rules of practice. Corbett v. De Comeau, 54 How. Prac. 506; Leary v. Rice, 15 App. Div. 397, 44 N. Y. Supp. 82. In the moving affidavit before me there is no statement of facts and circumstances which show that the examination of the defendant is necessary, but it clearly appears from the affidavit that the plaintiff has sufficient knowledge of all the facts which he claims constitute his cause of action, and which, on his theory of the case, are requisite for him to allege in framing his complaint. The fact that the plaintiff has not made the American Tobacco Company a party defendant precludes the theory of an action on behalf of himself and other stockholders for the benefit of the corporation, as in such cases the corporation is a necessary party defendant. Greaves v. Gouge, 69 N. Y. 154. The plaintiff here asks redress for the wrong committed against him individually as a stockholder. The averments of mismanagement of the affairs of the American Tobacco Company are only relevant in so far as they relate to the fraud practiced upon the plaintiff, as distinguished from the damage to the corporation itself resulting from such mismanagement. In Niles v. Railroad Co., 69 App. Div. 144, 148, 74 N. Y. Supp. 617, Mr. Justice Laughlin says:

"If a wrong were committed against the plaintiff as a stockholder, as contradistinguished from a wrong against the corporation, that would give him a right of action against the wrongdoer. Rothmiller v. Stein, 143 N. Y. 581, 38 N. E. 718, 26 L. R. A. 148; Cazeaux v. Mali, 25 Barb. 578; Ritchie v. McMullen, 25 C. C. A. 50, 79 Fed. 522; Walsham v. Stainton, 1 De Gex, J. & S. 678."

In the case presented by the moving affidavit, damage to the plaintiff as an individual is shown, irrespective of losses by the whole corporation. The plaintiff alleges his ownership of stock in the American Tobacco Company, that the defendants are directors of the corporation, and that by their deception they have acquired his stock. It does not appear in his moving affidavit that the defendants were placed under obligation to communicate information as to the conditions of the company or value of the stock because of any specific demand by the plaintiff, as a stockholder, for information. The demand of his attorney, without disclosing the names of the stockholders for whom he was authorized to speak, must be disregarded altogether, because such a request does not impose any obligation upon the directors of a corporation to make any reply whatever. But it does appear by the averments that the defendant Ryan had agreed to furnish the plaintiff special information in consideration of his originally taking stock in the company. It also appears that the defendants undertook to issue a report of the condition of the affairs of the corporation, which, it is alleged, willfully concealed the true condition of the affairs of the company; that they further published a circular offering to exchange for his stock bonds of a new company, which he believes was formed by them for the purpose of acquiring his stock, with intent to deceive the plaintiff; and that he was deceived and induced thereby to part with his stock. He states the manner of making the representations, and when and how they came to his knowledge. He further states that the dividends on such stock since the defendant acquired the same have been raised by the defendants, and that they have been enriched at his expense, and that he has been damaged in an amount equal to the difference between the interest paid on the bonds and the actual earning capacity of the stock. It is not necessary that he should allege more. Misrepresentation, with scienter on the part of the defendants, and deception and injury suffered by the plaintiff, are sufficiently averred to enable the plaintiff to frame a complaint demanding damages in an action for deceit. With the information which the plaintiff already has, a complaint may be drawn, which, if properly denied, would raise the question whether the plaintiff, if the truth had been told him, would or would not have exchanged his stock for the bonds. Such a complaint was held sufficient on demurrer in Rothmiller v. Stein, 143 N. Y. 581, 38 N. E. 718, 26 L. R. A. 148, and in Cazeaux v. Mali, 25 Barb. 578, approved in Bruff v. Mali, 36 N. Y. 200, 206. Judge Andrews, in Brackett v. Griswold, 112 N. Y. 454, 467, 20 N. E. 376, says:

"The principles which govern an action for fraud and deceit are the same, whether the fraud is alleged to have originated in a conspiracy, or to have been solely committed by a defendant without aid or co-operation. Whenever it becomes necessary to prove a conspiracy in order to connect the defendant

with fraud, no averment of the conspiracy need be made in the pleadings to entitle it to be proved."

Hutchins v. Hutchins, 7 Hill, 104. It is therefore not necessary that the plaintiff examine these defendants, to ascertain their part in the alleged conspiracy which is averred to have culminated in the formation of the Consolidated Tobacco Company. Neither is the examination necessary, as claimed by the plaintiff, "to procure the precise information" which he requires to frame his complaint. This is not a case where the precise information which he demands is requisite. As Mr. Justice Lawrence held in Macy v. Hastings, 2 Month. Law Bul. 87, if it is essential that allegations as to fraud should be inserted in the complaint, the plaintiff, if he believes such frauds exist, can make such allegations upon information and belief. The plaintiff also urges that, in order to frame his complaint, it is necessary that he examine said Ryan and Duke, so that he can ascertain the value of the property which he has been induced to part with. The amount of damages need not be accurately stated, and an examination cannot be permitted for that purpose. Balcom v. Adams, 15 Civ. Proc. R. 198, 2 N. Y. Supp. 255; Hutchinson v. Simpson, 73 App. Div. 520, 77 N. Y. Supp. 197. Whether or not the plaintiff has all the information which he may require before going to trial, need not now be determined. It does not appear that the examination is material and necessary to enable the plaintiff to frame his complaint. The motion to vacate the order for such examination is therefore granted. Ten dollars costs.

Motion granted. Ten dollars costs.