LEFLER v. FOX et al.

(Supreme Court, Appellate Term.  February 23, 1905.)

1. FRAUD—ACTION—COMPLAINT—CONSPIRACY—EVIDENCE OF FRAUD ALONE—
   VARIANCE.
       Where a complaint alleged conspiracy to defraud, it was immaterial
   that the evidence showed only the fraud, the same being the gravamen of
   the action.
2. SAME—EVIDENCE—COMPETENCY.
       Where, in an action for damages from a conspiracy to defraud, the
   false representations complained of were alleged to have been made in a
   certain month, it was error to sustain an objection to evidence to show
   conversations with defendant in a later month, in which he was asked
   whether he had made certain representations to plaintiff's agent, and
   whether they were true.
       [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 1025.]

Appeal from City Court of New York, Trial Term.

Action by Harvey J. Lefler against S. Girard Fox and another. From a judgment in favor of defendant Fox, plaintiff appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Charles W. Lefler, for appellant.
Bernard Naumberg and Walter E. Liebmann, for respondent.

GIEGERICH, J.  The complaint alleges conspiracy to defraud; but the evidence offered tended to prove only the fraud, without the added element of conspiracy.  This failure was immaterial, however, as the allegation of conspiracy does not affect the substantial ground of action.  The gravamen is fraud and damage, and not conspiracy.  Brackett v. Griswold, 112 N. Y. 454, 466, 20 N. E. 376; Kujek v. Goldman, 150 N. Y. 176, 44 N. E. 773, 34 L. R. A. 156, 55 Am. St. Rep. 670, reported below in 9 Misc. Rep. 34, 29 N. Y. Supp. 294; Hutchins v. Hutchins, 7 Hill, 104; Jones v. Baker, 7 Cow. 455; Lee v. Kendall, 56 Hun, 610, 614, 11 N. Y. Supp. 131, and cases cited.

The false representations complained of were alleged to have been made in January, 1903.  The plaintiff attempted to show conversations held with the defendant Fox in the following June, in which the latter was asked whether he made certain representations to the plaintiff's agent, and whether such representations were true or not.  This was objected to on the ground the false representations alleged were made in January, and that any conversation had in June was irrelevant, and the objection was sustained.  Such ruling was plainly erroneous, as the evidence sought to be elicited was the admission of a party on material matters.

It is unnecessary to discuss any of the other errors claimed by the appellant to have been committed, as for the reason stated the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.  All concur.