## 8052.  HILL v. REYNOLDS.

LUKE, J.  1.  Where a conspiracy is shown, the act of one becomes the act of all, in so far as the furtherance of the conspiracy is concerned; and each is as fully responsible for the acts of the others in carrying out the common purpose as if he himself had committed the acts.  Penal Code (1910), § 1025; *Horton* v. *State*, 66 *Ga.* 690; *Byrd* v. *State*, 68 *Ga.* 661 (1); *Handley* v. *State*, 115 *Ga.* 584 (41 S. E. 992).

(a) This rule of law applies with no less force to an action for the resulting tort than to a prosecution for the resulting crime, and applies alike in all cases, whether the alleged tort amounts to a crime or not. *Foster* v. *Thrasher*, 45 *Ga.* 518; *McEwen* v. *Springfield*, 64 *Ga.* 160 (3).

2.  Where it is alleged in a petition that two or more persons conspired to defraud and did defraud the petitioner, and his action is brought against only one of them to recover for the tortious acts of all, proof of the conspiracy is necessary only in order to charge the conspirator sued with responsibility for the acts of those not sued.  A failure to establish the alleged conspiracy does not necessarily defeat the action or constitute a fatal variance between the allegations and the proof; but, if enough of the petition is proved to establish a good cause of action against the defendant alone, without regard to the acts of those named as his coconspirators, the plaintiff is entitled to recover, notwithstanding his failure to establish the alleged conspiracy.  The gravamen of the action in such a case is the injury done, and not the conspiracy to do it.  Civil Code (1910), § 5573; *Slaughter* v. *State*, 113 *Ga.* 284 (2), 288 (38 S. E. 854, 84 Am. St. R. 242); *Dixon* v. *State*, 116 *Ga.* 186 (8) (42 S. E. 357); Butler *v.* Duke, 39 Misc. 235 (79 N. Y. Supp. 419); *Leffler* v. *Fox*, 92 N. Y. Supp. 227; Miller *v.* John, 111 Ill. App. 56.

(a) The evidence touching the alleged conspiracy being conflicting, the trial judge did not err in instructing the jury in accordance with this rule of law.

3.  There being evidence to authorize a finding by the jury that a conspiracy had existed as alleged, and it appearing from the uncontradicted testimony of the plaintiff that, during the existence of the conspiracy, one of the conspirators had referred the plaintiff to a third person, a stranger to the suit, for certain information connected with the subject-matter of the conspiracy, it was not error to admit in evidence letters from the third person, pertaining to such information, the defendant's objection being that "said letters were personal letters written by said [third person] to the plaintiff," and that "they are ex parte statements, and defendant has had no chance to cross-examine the witnesses."  Civil Code (1910), § 5778 (1).

4.  The court did not err in instructing the jury that the defendant contended, among other things, that if the alleged trade was made at all, it was made entirely with those alleged by the plaintiff to be coconspirators, and that the defendant had nothing whatever to do with the contract.  Such an instruction was in accord with the defendant's testimony in his own behalf.

5. The evidence authorized the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and George, J., concur.*

DECIDED FEBRUARY 16, 1917.

Action for damages; from Wilkes superior court—Judge Walker. November 22, 1915.

*William Wynne, I. T. Irvin Jr.,* for plaintiff in error.

*S. H. Sibley, W. A. Slaton,* contra.