## 20357. THURMOND v. THE STATE.

DECIDED APRIL 16, 1930. REHEARING DENIED MAY 13, 1930.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J. 1. Special grounds 1, 4, and 5 of the motion for a new trial each complain of an alleged error in the charge.

Grounds 1 and 4 each allege that the charge was error because there was no evidence that the defendant R. T. Thurmond had any weapon with which he could commit the offense of stabbing. Ground 5 alleges that the charge complained of was error because "there was no testimony to show that this defendant ever assaulted or attempted to assault the prosecutor with any of the weapons named in the bill of indictment." Granting that the evidence does show that the accused had no weapon with which he could have cut or stabbed the prosecutor, and that the defendant never "assaulted or attempted to assault the prosecutor with any of the weapons named in the bill of indictment," it is true that the evidence does show that William Thurmond, a brother of the defendant and jointly indicted with him, did cut the prosecutor more than once. The evidence shows a conspiracy, and when this is true each one of the conspirators pending the common enterprise is responsible for the act of each of the others. *Hill* v. *Reynolds,* 19 *Ga. App.* 334 (91 S. E. 434) ; *Cook* v. *State,* 22 *Ga. App.* 777, 779 (97 S. E. 264) ; *Coleman* v. *State,* 141 *Ga.* 731 (2) (82 S. E. 228) ; *Dixon* v. *State,* 116 *Ga.* 186 (8, 9) (42 S. E. 357).

2. Under the explanatory note of the trial judge attached to the motion for a new trial, there is no merit in special grounds 2 and 3.

3. Special ground 6 is without merit.

4. Grounds 7 and 8 are not complete and understandable within themselves. This court would have to examine the brief of the evidence to determine whether there was any evidence requiring a charge upon the law of assault or assault and battery.

5. There is sufficient evidence to support the finding of the jury.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*