## 18494.   LOGAN *v.* GOSSETT.

Under the decision in the case of *Goddard* v. *Watters,* 14 *Ga. App.* 722 (2)
     (82 S. E. 304), and decisions there cited, no cause of action was stated
     in the petition in this case, in which a recovery of damages was sought
     for "a nervous collapse and breakdown mentally and physically," "great
     mental and physical pain," confinement to bed and great lessening of
     capacity for enjoyment, because of alleged wilful and wanton acts of
     the defendant in entering unlawfully and without notice the house in
     which the plaintiff and her husband were living, when she was nursing
     a sick child, and in a highly excited voice making threats against a
     negro woman in the house and against her husband, whom he charged
     with shielding the negro, thus causing the plaintiff great fright and
     shock.

### DECIDED DECEMBER 14, 1927.

Action for damages; from Spalding superior court—Judge
Searcy.   October 27, 1927.

*F. A. Sams, S. B. Wallace,* for plaintiff, cited:   81 *Ga.* 640;
127 *Ga.* 125, 131; 2 *Ga. App.* 845; 35 *Ga. App.* 59; 36 *Ga. App.*
817; 102 *Ga.* 474; 79 *Ga.* 360; 14 *Ga. App.* 722 (distinguished);
146 *Ga.* 243, and 23 *Ga. App.* 161 (distinguished).

*Cleveland & Goodrich,* for defendant, cited:  14 *Ga. App.* 722,
727; 146 *Ga.* 243; 23 *Ga. App.* 161; 25 *Ga.* 829, 35 *Ga.* 59, and
36 *Ga. App.* 817 (distinguished).

LUKE, J.   Mrs. Eleanor Logan sued A. F. Gossett for damages,
the court sustained a general demurrer to her petition, and she
excepted.

The paragraphs of the petition material to an understanding of
this decision are substantially as follows:

"4.   On or about Dec. 31, 1926, in said county, defendant did
unlawfully and wantonly, and uninvited and without notice, and
through no fault of the plaintiff, enter the house where petitioner
and her husband and family were living, and, while petitioner was
sitting in a chair and attending her sick child, defendant did then
and there, in a highly excited voice, and with threatening gestures,
point to a negro woman then in said house, and did then and
there say: 'I am going to have that God-dam bitch sitting right
there,' in the presence of petitioner and her little child, and caus-
ing petitioner great fright and physical and mental shock.   H. W.
Logan, husband of petitioner, then quietly invited defendant out

Damages, 17 C. J. p. 752, n. 39; p. 836, n. 77.
Torts, 38 Cyc. p. 449, n. 2.

of the house, and then defendant said to H. W. Logan: 'By God, you are shielding that negro;' all in the presence and to the great fright and injury of petitioner. Then defendant, in the presence of petitioner, said: 'Look here, that negro hit me on the hand, and I am going to kill her;' causing petitioner great mental and physical shock and fright. Then, out in the yard of said home, . . defendant put his hand back on his pistol and said to petitioner's husband: 'Don't you come no further on me, or I will fix you;' causing fright and shock and suffering to petitioner, all in her presence and in her house or in her yard. And after he had terrorized the family, defendant walked up and down in front of where plaintiff lives, in a highly excited and threatening manner, in the presence of petitioner, and to the great fright and shock of petitioner."

"5. Petitioner shows that although she was in good health, and was up and doing her housework before the experience set out in paragraph 4 above, that within two days thereafter petitioner suffered a nervous collapse and breakdown mentally and physically, all caused by and brought on by the unlawful and wilful acts of defendant as set out in paragraph 4 above, and through no fault of your petitioner; and that petitioner has suffered great mental and physical pain, and has been confined to bed, and her capacity for enjoyment has been greatly lessened, and that she has been unable to care for herself, all caused by the wilful and wanton acts of defendant as set out in paragraph 4 above."

"6. Petitioner prays that she have judgment against defendant for the sum of ten thousand dollars, damages for mental and physical pain and suffering caused by defendant as set out in paragraph 3 above."

The demurrer follows: "1. The petition sets out no cause of action." "2. It appears from the petition that plaintiff seeks to recover damages for fright and mental shock unaccompanied by any injury or damage to her person or purse." "3. The damages alleged in the petition are not recoverable in an action of this kind."

Upon the authority of *Goddard* v. *Watters*, 14 *Ga. App.* 722 (2) (82 S. E. 304), and cit., the court did not err in sustaining the general demurrer.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*