25003. KITCHENS *v.* WILLIAMS.

DECIDED DECEMBER 23, 1935. REHEARING DENIED JANUARY 27, 1936.

J. B. *Burnside, Casey Thigpen*, for plaintiffs.
E. W. *Jordan, B. F. Walker*, for defendant.

SUTTON, J. Mrs. Georgia Kitchens filed her petition against Herbert A. Williams Sr., alleging as follows: E. R. Williams as owner rented to the plaintiff's husband a certain described farm, and her husband was to pay as rent one hundred pounds of lint cotton for each bale of cotton made by him on this land for the year 1933. During that year the plaintiff and her husband lived together on this farm, and he cultivated it as tenant of E. R. Williams, and made twenty-one hundred pounds of seed-cotton, this being all the cotton raised on the land. This cotton was stored by the plaintiff's husband in a crib on this land, and had not been ginned. On or about October 16, 1933, the defendant trespassed on the premises, and without any legal right or authority, and over the protest of the plaintiff's husband, broke open the crib and carried away the seed cotton and converted it to his own use. At the time of this unlawful invasion the plaintiff was 19 years old, weighed about 90 pounds, had been pregnant for three and a half months, and was very nervous, weak, frail and delicate, and any excitement would completely unnerve her. At this time she quietly and peaceably said to her husband, "Hoyt, if I were you I would not let him take my cotton," and immediately the defendant turned to the plaintiff

and in an angry tone and insulting manner said to her, "I am going to have the God damn cotton if they put me on the chain-gang to-morrow." This happened within the sight and hearing of several persons, and the plaintiff was publicly cursed, humiliated, and embarrassed. Immediately and as a direct result of such language she suffered a heart attack and sinking-spell, was very ill for several days and nights, and came near having a miscarriage. The defendant at the time was armed with a pistol, and the plaintiff feared bodily harm to herself and her husband at his hands; and all this greatly frightened her and contributed to and caused her heart attack. Plaintiff did not know prior to the occurrence that she was suffering with any heart trouble or disease, but had suspected it. The plaintiff had never had a sinking spell with her heart prior to the defendant's conduct, and as a result thereof she has frequently and continually had sinking spells with her heart. These wrongful acts of the defendant have caused an aggravation of an existing infirmity and the plaintiff's health has been permanently impaired, and they caused her to lose several weeks time from her housework, being wholly unable to perform it, and since then she has been unable to do this work as she formerly could, and has therefore sustained a permanent diminution of her capacity to labor. The child with which the plaintiff was pregnant at the time of defendant's wrongful conduct was born on April 3, 1934, and from the time of the defendant's conduct until the birth of the child the plaintiff, because of her mental suffering, pain and anguish, resulting directly from the physical injury caused her by the defendant's acts, feared that her child would not be born naturally and at the appointed time, but that she would have a miscarriage and her child would not live, and that she would die when her child was born, because of such heart trouble. The acts of the defendant were the proximate cause of the damages, both nominal and actual, sustained by the plaintiff, and resulted in the damages to her as alleged. The plaintiff has sustained $500 nominal damages for mental suffering and injury, wounded feelings, mental pain and anguish, and public humiliation by the intentional acts of the defendant, which were wilful, wanton, and without provocation. She has sustained $2500 actual damages for physical injury, pain and suffering, loss of time, permanent diminution of capacity to labor, permanent impairment of

her health, and aggravation of an existing infimity. She prays for judgment against the defendant for said damages.

The defendant filed his demurrer on the grounds (1) that the alleged facts showed no cause of action in the plaintiff; (2) that it did not appear that the alleged acts were the proximate cause of the plaintiff's damage; and (3) that it did not appear that the plaintiff suffered any damages caused by any act of the defendant, or that the defendant's acts resulted in any damage to her or caused the physical ailments set out. The judge sustained the first ground of the demurrer, and dismissed the action. The plaintiff excepted.

The plaintiff plants her case on the commission by the defendant of a wilful, intentional, and positive tort, which would ordinarily entitle her to recover damages for fright, mental anguish, torture, and wounded feelings, and to recover nominal as well as punitive damages. See *Dunn* v. *Western Union Telegraph Co.*, 2 *Ga. App.* 845 (59 S. E. 189); *Hines* v. *Evans*, 25 *Ga. App.* 829 (105 S. E. 59); *Young* v. *W. & A. R. Co.*, 39 *Ga. App.* 761, 766 (148 S. E. 414); *Atlanta Hub Co.* v. *Jones*, 47 *Ga. App.* 778, 780 (171 S. E. 470); *American Security Co.* v. *Cook*, 49 *Ga. App.* 723 (176 S. E. 798); *Personal Finance Co.* v. *Whiting*, 48 *Ga. App.* 154 (172 S. E. 111). But the petition, stripped of its conclusions, and confined to the actual facts alleged, merely charges the defendant with having used profane language in the presence of the plaintiff, a female, and therefore does not set out such a wilful and intentional tort as will entitle her to recover damages for fright, mental suffering, and wounded feelings. See *Atkinson* v. *Bibb Mfg. Co.*, 50 *Ga. App.* 434 (178 S. E. 537); *Goddard* v. *Watters*, 14 *Ga. App.* 722 (82 S. E. 304); *Logan* v. *Gossett*, 37 *Ga. App.* 516 (140 S. E. 794); *Walton* v. *Rankin-Whilten Realty Co.*, 44 *Ga. App.* 288 (161 S. E. 276). The court properly dismissed the action on general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*