## 26477. CLACK v. THOMASON.

DECIDED FEBRUARY 3, 1938.

*W. L. Nix,* for plaintiff.

*Hope D. Stark, Pemberton Cooley,* for defendant.

BROYLES, C. J. 1. "'The law protects the person and the purse. The person includes the reputation. *Johnson* v. *Bradstreet Co.,* 87 *Ga.* 79 (13 S. E. 250). The *body, reputation,* and *property* of the citizen are not to be invaded without responsibility

in damages to the sufferer.' [Italics ours.] *Chapman* v. *Western Union Telegraph Co.,* 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430, 30 Am. St. R. 183). But outside these protected spheres, the law does not yet attempt to guard the peace of mind, or the happiness of every one by giving recovery of damages for mental anguish for a violation produced by a mere moral wrong. . . If the mental pain and anguish result from mere violation of a mere moral obligation, there can be no recovery." *Atkinson* v. *Bibb Mfg. Co.,* 50 *Ga. App.* 434 (178 S. E. 537) ; *Kitchens* v. *Williams,* 52 *Ga. App.* 422 (183 S. E. 345), and cit.

2. "To recover damages on account of physical injuries resulting from fright [or mental anguish], where there is no actual immediate personal injury, it must appear that the injuries were the natural and proximate result of the fright or shock [or mental anguish], and that the defendant could or should have known that the act producing the injuries would with reasonable certainty cause such a result; and it must appear that the injuries resulted from such gross carelessness, coupled with a knowledge of the probable physical results, as amounted to wilful and reckless disregard of consequences; or that the fright [or mental anguish] (with its consequences) was brought about by a deliberate and malicious intention on the part of the defendant to injure the plaintiff." *Goddard* v. *Watters,* 14 *Ga. App.* 722 (2) (82 S. E. 304) ; *Logan* v. *Gossett,* 37 *Ga. App.* 516 (140 S. E. 794).

3. The instant case is an action for damages based on the alleged commission by the defendant of a wilful and positive tort; and the plaintiff (a married woman, living with her husband) claims damages for mental anguish, and for impaired health resulting from such anguish, on account of the defendant's conduct in secretly visiting her and making love to her and proposing that she divorce her husband and marry him (the defendant). The petition, stripped of its conclusions, and confined to the actual facts stated therein, fails to show that the defendant deliberately and maliciously intended to injure the plaintiff by his unwelcome attentions, or that he knew or should have known that his conduct would probably cause the plaintiff's alleged mental anguish and impairment of health. The petition, properly construed (most strongly against the plaintiff), shows that the alleged conduct of the defendant amounted to a mere moral wrong, and not a legal

or actionable wrong. It follows that the court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*