30836, 30837.  MARCELLI *v.* TEASLEY  (two cases).

DECIDED APRIL 21, 1945.

422

424

*Ed Wohlwender Jr.,* for plaintiff in error.

*Theo J. McGee,* contra.

SUTTON, P. J. (After stating the foregoing facts.) 1. The court did not err in overruling the defendants' demurrers. It is well-settled law in this State that a wilful, wanton, and malicious tort resulting in pain and suffering will authorize a recovery for damages. *Interstate Life & Accident Co.* v. *Brewer,* 56 *Ga. App.* 599, 605 (193 S. E. 458). It is also true that, "Mere wrongful acts of negligence will authorize a recovery where the resulting fright, shock, or mental suffering is attended with actual immediate physical injury, or where from the nature of the fright or mental suffering there naturally follows as a direct consequence physical or mental impairment. *Hines* v. *Evans,* 25 *Ga. App.* 829 (105 S. E. 59); *Pettell* v. *Thompson,* 33 *Ga. App.* 240 (125 S. E. 779); *Cooper* v. *Meaders,* 47 *Ga. App.* 90 (169 S. E. 685). In either of such events the fright or mental suffering can itself be considered, together with the accompanying physical injury or resulting physical impairment, as an element of damage." *Candler* v. *Smith,* 50 *Ga. App.* 667, 673 (179 S. E. 395); also, to the same effect, see *Gardner* v. *Newnan Hospital,* 58 *Ga. App.* 104 (198 S. E. 122). The present action was not for a mere negligent tort, but was for a wilful, wanton, and malicious wrong, and in such a case the plaintiff may recover for nervous shock and fright, with or without resulting physical injury. It was held in *Atlanta Hub Co.* v. *Jones,* 47 *Ga. App.* 778, 780 (171 S. E. 470): "The action was not for a mere negligent tort, but was for a positive, wilful wrong, and in such a case the plaintiff may recover for nervous shock and fright, with or without resulting physical injury. Such damages may be recovered in those cases where the plaintiff has suffered at the hands of the defendant a wanton, voluntary, or in-

tentional wrong the natural result of which is the causation of mental suffering and wounded feelings."

The allegations of the plaintiff's petition appear in the above statement of facts. It will be seen that the defendants went to her home, after having been asked by her not to do so, and then while cursing and abusing her, undertook to enter the house where she lived, and when she protested and asked them to leave, they used to and of her vile and profane language, in the presence of others; and that the defendant A. J. Marcelli, at the instance of Mrs. Billie Dunn Marcelli, approached the plaintiff in a menacing and threatening manner, and, shaking his fist at•her and placing his face within a very few inches of her face, loudly exclaimed that he was going to throw her out of the house. The acts and conduct of the defendants so frightened her that she fainted and remained unconscious for fifteen or twenty minutes, and was then confined to her bed for a period of four days as the result of the fright and injury caused by the conduct of the defendants. It is alleged that as a direct and proximate result of the acts and conduct of the defendants the plaintiff sustained mental and physical impairment, and that the acts of the defendants in cursing, threatening, abusing, and attempting to enter and eject her from her home were voluntary, wanton, intentional, and malicious, and for the purpose of alarming, frightening, and terrorizing her; and that the defendants knew or should have known that such conduct would injure her, and that her injuries were the direct and proximate result of the conduct of the defendants. According to the allegations of the petition, the defendants were acting together in their wrongful acts and conduct towards the plaintiff.

Under the facts alleged and the authorities above cited, the petition set out a cause of action against the defendants for actual and punitive damages. For other cases supporting this ruling, see *Williamson* v. *Central Ry. Co.,* 127 *Ga.* 125, 131 (56 S. E. 119); *Dunn* v. *Western Union Telegraph Co.,* 2 *Ga. App.* 845 (59 S. E. 189); *Young* v. *Western & Atlantic R. Co.,* 39 *Ga. App.* 761 (148 S. E. 414); *Personal Finance Co.* v. *Loggins,* 50 *Ga. App.* 562 (179 S. E. 162); *Anderson* v. *Buice,* 69 *Ga. App.* 265 (25 S. E. 2d, 96). The cases of *Logan* v. *Gossett,* 37 *Ga. App.* 516 (140 S. E. 794), *Walton* v. *Rankin-Whitten Co.,* 44 *Ga. App.* 288 (161 S. E. 276), and *Kitchens* v. *Williams,* 52 *Ga. App.* 422 (183 S. E. 345), cited

and relied on by the plaintiff in error, are distinguishable on their facts from the present case. The alleged acts and conduct of the defendants in those cases were not directed against the plaintiffs therein; and the rulings in those cases do not require a different ruling from the one now being made, under the allegations of the petition in the case at bar.

2. The special demurrers to paragraphs 16, 18, and 19 of the petition, which are above set out, are without merit, and the court properly overruled the same.

*Judgments affirmed. Felton and Parker, JJ., concur.*