32694.  HAMBY *v.* EDMUNDS MOTOR COMPANY.

Decided October 20, 1949.

*Swift Tyler, Marvin O'Neal Jr.*, for plaintiff in error.

*Woodruff, Swift & Dorsey, Edward·S. White*, contra.

TOWNSEND, J. (After stating the foregoing facts.) This action is based on the alleged commission by the defendant of a wilful and positive tort. The plaintiff claims damages for mental anxiety and for impaired health resulting from such anxiety on account of the defendant's conduct in writing her the letter set forth in the statement of facts. In a case based on fright, where no physical injuries result and where there is no actual immediate physical injury, in order to set·forth a cause of action it must appear from the petition either, (1) that the injuries were the natural and proximate result of the fright or shock, and that the defendant knew or should have known that the act producing the injuries would with reasonable certainty cause such a result, and it must appear that the injuries resulted from such gross carelessness, coupled with the knowledge of the probable physical results as would amount to wilful and reckless disregard of the consequences, or (2) that the fright was brought about by the deliberate and malicious intention on the part of the defendant to injure the plaintiff. *Goddard* v. *Watters*, 14 *Ga. App.* 722 (3) (82 S. E. 304); *Logan* v. *Gossett*, 37 *Ga. App.* 516 (140 S. E. 794); *Clack* v. *Thomason*, 57 *Ga. App.* 253 (195 S. E. 218).

When the petition in the instant case is stripped of its conclusions and confined to the actual facts stated therein, neither of these conditions appears.

Counsel for the plaintiff contend that the writing of the letter amounts tò a violation of Code § 26-1802, one of our statutes against blackmail, and that the violation of this statute gives rise to the cause of action under the authority of Code § 105-103, which provides as follows: "When the law requires one to do an

act for the benefit of another, or to forbear the doing of that which may injure another, though no action be given in express terms, upon the accrual of damage the injured party may recover." Even had the letter constituted a violation of the blackmail statute, no cause of action is set forth here because the natural and reasonable reaction to the letter that would necessarily be expected by its writer according to the phraseology of the letter itself is that, at the least, she would be expected to confer with him to work out plans for the payment of the claim of the defendant and, at most, she would be expected to pay the claim. In no event could she reasonably have been expected to have done neither, but at the same time become so frightened and shocked as to suffer serious impairment of her health. The letter and the circumstances attending its writing as disclosed by the petition are not such as would with reasonable certainty have caused the result of which complaint is made. Also, there is nothing in the letter itself or the circumstances attending its writing that authorizes the inference of a deliberate and malicious intention on the part of its writer to injure the plaintiff.

We have made a thorough study of all the cases cited in the very able and comprehensive brief of counsel for the plaintiff and find nothing in these cases that requires a conclusion different from that here reached.

The judgment of the trial court sustaining the general grounds of the demurrer being without error, the assignments of error on the judgment of the trial court sustaining the special grounds are nugatory.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*