33340, 33341. JOHNSTON *v.* DOLLAR; and *vice versa*.

DECIDED JANUARY 27, 1951.

C. H. Porter, Matthews, Owens & Maddox, for plaintiff in error.

Maddox & Maddox, contra.

SUTTON, C. J. Mrs. Mary Dollar brought suit against J. G. Johnston in the City Court of Floyd County, on a check drawn by Johnston to Mrs. Dollar's order for $3000. Johnston in his answer admitted the execution and delivery of the check, and that he had stopped payment thereon.

Further answering, the defendant alleged, substantially: that the check did not represent the entire agreement between the parties; that certain conditions of the agreement had not been performed; that the plaintiff is the sister of the defendant's wife who separated from him and went to live with her family in Polk County on January 12, 1949; that his wife is grasping and avaricious by nature, and when she left him she took the defendant's automobile and refused to return it; that the defendant undertook to effect a reconciliation with his wife, but her propositions to return were conditioned on his giving her money or property; that he offered her some valuable shares of stock, which she refused, and a life estate in his house and lot in Rome, which she also refused; that the defendant did not want his wife's family to obtain his property, since they, including the plaintiff, were encouraging his wife to get everything she could from the defendant.

The defendant further alleged that Mrs. Dollar knew of his efforts to get his wife to come back to him, and of his wife's efforts to get property from him, and that the plaintiff connived and schemed with Mrs. Johnston to obtain money from the defendant and to obtain property for Mrs. Johnston. The plain-

tiff owned an acre of land in Polk County, with a house located thereon, and she, together with Mrs. Johnston, induced the defendant to enter into a three-party agreement with them as follows: Mrs. Johnston was to go back and live with the defendant as his faithful and affectionate wife; the defendant was to pay Mrs. Dollar $3000; and Mrs. Dollar was to convey her said acre of land to her sister, Mrs. Johnston. On June 1, 1950, these three met in the clerk's office in Cedartown to put this agreement into effect. The defendant gave Mrs. Dollar the check for $3000; Mrs. Dollar gave her sister, Mrs. Johnston, a deed to the acre of land; and Mrs. Johnston left for Rome with the defendant, to resume living with him as his wife. On the morning of June 5, Mrs. Johnston, thinking that the $3000 check to Mrs. Dollar had been paid, left the defendant without cause and returned to Polk County to live, and is still separated from him. The defendant then stopped payment on the check.

The defendant also alleged that the plaintiff and her sister, Mrs. Johnston, intended all the time and had secretly agreed that Mrs. Johnston would only live with the defendant long enough to get his money; that such intention and secret agreement were illegal and fraudulent, and were used as a colorable scheme to induce the defendant to give the check to the plaintiff; that Mrs. Johnston, with the collusion of the plaintiff, failed to perform and never had any intention of performing her part of said agreement; and that there was no consideration for the check.

To this answer, the plaintiff filed general and special demurrers, which the court overruled on August 29, 1950. The plaintiff excepted pendente lite to this ruling and assigns error thereon in the cross-bill of exceptions.

Upon the call of the case for trial, at the next term of court, Johnston amended his answer, and the plaintiff, Mrs. Dollar, moved to vacate the order of August 29, overruling her demurrers to the answer. This motion was granted. Then the plaintiff renewed her original demurrers to the answer as amended, and filed additional demurrers to the amendment. The trial judge sustained the demurrers and struck the answer, directed a verdict for the plaintiff, and entered a judgment accordingly. To the order vacating the previous judgment over-

ruling the plaintiff's demurrers, to the order sustaining the plaintiff's demurrers and striking the answer, to the direction of the verdict, and to the judgment entered thereon, the defendant excepted in the main bill of exceptions.

■ The motion to dismiss the cross-bill of exceptions, on the ground that the order to which the plaintiff excepted had been vacated by the trial judge, is without merit. The order vacating the previous order overruling the demurrers to the defendant's answer was void, as it was granted after the term of court at which the former order was granted had expired, and it was not then within the power of the court to revoke the former order. *McCandless* v. *Conley,* 115 *Ga.* 48 (41 S. E. 256). The plaintiff did not waive her right to bring error to this court in the cross-bill of exceptions, which assigns error on her exceptions pendente lite to the overruling of her demurrers to the defendant's answer, by reason of obtaining the void order above referred to.

■ The amendment to the answer was not material, and did not reopen the answer to demurrer. The amendment added two conclusions (the correctness of which is not passed upon) from the facts already pleaded, namely, that there was no consideration for the check because Mrs. Johnston was agreeing to do only what she was already legally bound to do, and that the agreement relating to marital obligations was not enforceable by any of the parties thereto. The amendment also restated the facts already pleaded concerning Mrs. Dollar's knowledge of Mrs. Johnston's intent not to perform, and her participation in the fraudulent inducement to the giving of the check, which in the amendment was first called a conspiracy. Neither the conclusions from nor the restatement of the facts already pleaded constituted the addition of a new defense or a material strengthening of the defense, so as to make the amendment material within the rule that a material amendment reopens a pleading to demurrer. Code, § 81-1312; *Gibson* v. *Thornton,* 107 *Ga.* 545 (33 S. E. 895); *Davis* v. *Aultman,* 199 *Ga.* 129 (33 S. E. 2d, 317).

It was error for the trial judge to entertain and sustain the renewed demurrers of the plaintiff to the answer, and the further proceedings in the case were nugatory.

■ The plaintiff's original general and special demurrers to the answer were overruled, and this ruling was assigned as error in the cross-bill of exceptions. The defendant in his answer described the agreement entered into as a "three-party agreement." Mrs. Johnston promised to return to her husband, if he would convey to her a certain tract of land. The defendant, in order to do this, was to pay Mrs. Dollar $3000, and Mrs. Dollar was to convey her tract of land to Mrs. Johnston, which she did, but Johnston stopped payment on the check for $3000 given to Mrs. Dollar. In other words, Mrs. Dollar's conveyance of the land to Mrs. Johnston was also the performance of Johnston in the agreement.

The facts alleged in the answer show that the agreement, as between Johnston and his wife, was induced by fraud. Mrs. Johnston promised to return to live with her husband, but she "never had any intention of performing her part of said agreement." A promise given without intent to perform is such fraud as will entitle the party defrauded to rescind the contract. *Coral Gables Corp.* v. *Hamilton,* 168 *Ga.* 182 (147 S. E. 494); *Floyd* v. *Morgan,* 62 *Ga. App.* 711 (9 S. E. 2d, 717).

Furthermore, the allegations of the answer are sufficient to show that Mrs. Dollar participated in the fraud. Although not referred to as a conspiracy, the alleged conduct of the plaintiff and her sister shows the elements of a conspiracy to obtain money from Johnston by fraud. It is alleged that Mrs. Dollar encouraged Mrs. Johnston in this design; that she knew of the defendant's attempts at reconciliation with his wife and of his wife's efforts to obtain property from Johnston; that she connived and schemed with her sister to obtain money from Johnston, and induced Johnston to enter into the agreement; and that she intended, colluded, and secretly agreed with Mrs. Johnston that the latter was not to perform her part of the agreement. The contract appears to be the means by which the sisters' scheme was effected, and thus it is tainted with their fraud.

·"Fraud renders contracts voidable at the election of the injured party." Code, § 20-502. And fraud by which the defendant was induced to enter into a contract resulting in the execution of a negotiable instrument is a good defense to an

action on the instrument by the original payee of the instrument. *House* v. *Martin*, 125 *Ga.* 642(1) (54 S. E. 735) ; Code, §§ 14-505 and 14-508.

The result of the transaction, according to the answer, is that the combination of the two sisters still has the land, and one of the two seeks to obtain a judgment on the check given for the land by the defrauded party. The defendant has set up a defense to the action on the check requiring no affirmative relief, which may be done in a city court. *House* v. *Martin*, 125 *Ga.* 642 (supra). The fact that the plaintiff, through her sister and coconspirator, still has the land answers the contention made that the defendant must restore. the land to the plaintiff. In these circumstances, the defendant will not be required to seek affirmative relief in a court of equity, where the deed from the plaintiff to Johnston's wife might be canceled. It was not error to overrule the general demurrer to the answer, and special demurrers 4 (a) and (b), which restate the grounds of general demurrer but are directed only to the fourth paragraph of the answer.

The plaintiff's special demurrers numbered 4 (c), (d) and (e) complain of the allegations that the check was without consideration and that the agreement with Mrs. Dollar was not binding, on the grounds that these were conclusions of the pleader, while the facts alleged showed that there was a consideration and that Mrs. Dollar had fully performed her contract. These demurrers were properly overruled for the reasons stated in ruling on the general demurrer.

Special demurrers 4 (f), (g), (h) and (i) attack the parts of the answer in which Mrs. Johnston is described as grasping and avaricious, and in which specific examples of her past conduct and propositions for reconciliation are set out, on the grounds that these allegations are irrelevant, the basis of no defense, and for the purpose only of prejudicing the jury in the defendant's favor. These demurrers should have been sustained. The characterization of Mrs. Johnston as grasping and avaricious does not show her specific intent to defraud. Her taking of Johnston's automobile was apparently not done with fraudulent deception, and the previous offers of property to Mrs. Johnston for reconciliation are not shown to have been induced by fraud,

so as to bring these allegations within the rule that motive and intent may be shown by transactions of a similar nature to the one in question. While these allegations may show Mrs. Johnston's general design to obtain property from her husband, they do not show her intent to use fraud to do so. The general allegation that Mrs. Dollar was encouraging Mrs. Johnston to get everything she could from Johnston is subject to the same criticism, as set out in the grounds of special demurrer 4 (j), and this demurrer also should have been sustained.

Special demurrers 4 (k), (l), (m) and (n) are directed to the parts of the answer which allege that the plaintiff connived and schemed with her sister to induce Johnston to enter into an agreement with them, and which allege the terms of the agreement, the manner in which it was performed, and a secret agreement between the sisters that Mrs. Johnston would live with the defendant only long enough to get his money. The grounds of these demurrers are that these allegations contain conclusions not supported by the facts pleaded; that the allegations do not constitute a defense to the action on the check, and are irrelevant; that the plaintiff is not bound by Mrs. Johnston's acts; and that it was not shown how the plaintiff induced the defendant to enter into the contract. These allegations of the answer were not subject to the criticisms made. The acts and declarations of a party to a conspiracy are the acts and declarations of all. *Woodruff* v. *Hughes,* 2 *Ga. App.* 361 (58 S. E. 551); *Hill* v. *Reynolds,* 19 *Ga. App.* 334 (91 S. E. 434); *Holbert* v. *Allred,* 24 *Ga. App.* 727 (102 S. E. 192); *Langston* v. *Craddock,* 42 *Ga. App.* 484 (156 S. E. 632). It was not error to overrule these demurrers.

Special demurrer 4 (o), attacking the conclusion that no agreement was really created, was properly overruled. The agreement was voidable. Code, § 20-502, supra.

Special demurrer 4 (p) complains of the allegation that Mrs. Johnston, with the collusion of the plaintiff, failed to perform and never had any intention of performing her part of the agreement. This was not an erroneous conclusion of law, nor a conclusion unsupported by the facts pleaded, and it constituted a part of the defense to the action on the check. This demurrer was properly overruled.

*Judgment reversed on the main bill of exceptions, and reversed in part and affirmed in part on the cross-bill of exceptions. Felton and Worrill, JJ., concur.*