36022. DELTA FINANCE COMPANY *v.* GANAKAS, by Next Friend.

CARLISLE, J. 1. "To recover damages on account of physical injuries resulting from fright, where there is no actual immediate personal injury, it must appear that the injuries were the natural and proximate result of the fright or shock, and that the defendant could or should have known that the act producing the injuries would with reasonable certainty cause such a result; and it must appear that the injuries resulted from such gross carelessness, coupled with a knowledge of the probable physical results, as amounted to wilful and reckless disregard of consequences; or that the fright (with its consequences) was brought about by a deliberate and malicious intention on the part of the defendant to injure the plaintiff." *Goddard* v. *Watters,* 14 *Ga. App.* 722 (82 S. E. 304); *Logan* v. *Gossett,* 37 *Ga. App.* 516 (140 S. E. 794); *Clack* v. *Thomason,* 57 *Ga. App.* 253 (195 S. E. 218); *Hamby* v. *Edmunds Motor Co.,* 80 *Ga. App.* 209 (55 S. E. 2d 743); *Atlanta Hub Co.* v. *Jones,* 47 *Ga. App.* 778 (171 S. E. 470), and citations.

2. Under an application of the foregoing principles of law to the facts of the present case, the petition stated a cause of action for damages occasioned by the defendant's agent in committing a wilful and positive tort in frightening the plaintiff child while acting within the scope of his employment and in an effort to secure possession of personalty for the defendant to which the defendant had no claim. It is alleged that the actions of the defendant's agent in coming to the plaintiff's home when he knew that she, a child of eleven years of age, was alone in the house,

and attempting to gain entrance to the home by threatening the child with arrest and jail if she did not admit him, were wilful, wanton, malicious, and intentional and that the natural consequence of such wilful misconduct on the part of the defendant's agent was the child's fright, shock, and resulting mental suffering occasioned by the shock to her nervous system. The trial court, consequently, did not err in overruling the general demurrer to the petition.

3. Where, upon the trial of such a case as is indicated above, there was evidence from which the jury was authorized to find that the defendant's agent went to the plaintiff's home and knowing that she, a child of eleven years of age, was at home alone, attempted to gain entrance to the home for the announced purpose of repossessing a television set, and when the child refused to admit him by the front door that he went to the rear door and wrote a note which he exhibited to the child through the window in the door and in which he threatened to go for the police and have her put in jail if she did not admit him so that he could take possession of the television set and that the child became so frightened by this threat that she became extremely nervous, fearful of leaving the house, and unable to sleep at night, the jury would be authorized to find that the conduct of the defendant's agent, who was acting within the scope of his authority, was wilful misconduct under the circumstances, and that the child's resulting nervousness and distress was a natural and probable consequence of such wilful misconduct. The trial court consequently did not err in denying the motion of the defendant that it have judgment notwithstanding the verdict.

*Judgments affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 2, 1956.

*Smith, Gardner & Kelley,* for plaintiff in error.
*J. Neely Peacock,* contra.