37982, 38017.   DODD *v.* SLATER, Next Friend; and *vice versa.*

DECIDED MARCH 10, 1960—
REHEARING DENIED MARCH 28, 1960.

*T. J. Long, Ben Weinberg, Jr., James M. Roberts,* for plaintiff in error.

*Houston White,* contra.

BELL, Judge. The petition brought on behalf of an infant plaintiff by her next friend prays recovery of damages for a wilful tort committed upon her person. The tort alleged was that the defendant wilfully administered to the plaintiff, a child of 22 months of age, a certain alcoholic beverage in a quantity sufficient to produce intoxication and cause her pain and sickness. Code § 105-601 reads: "A physical injury done to another shall give a right of action, whatever may be the intention of the actor, unless he shall be justified under some rule of law. The intention shall be considered in the assessment of damages." Code § 105-602 provides: "Any violent injury or attempt to commit a physical injury illegally upon a person is a tort for which damages may be recovered." The provisions of Code § 105-2002 allow recovery of damages in addition to compensation for the damage done where a tort is accompanied by aggravating circumstances. The Code section reads: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff."

In the case of *Keiley* v. *Bristol,* 30 *Ga. App.* 725 (3) (119 S. E. 334) this court held: "Where a person, with knowledge that liquor contains a poisonous and deleterious ingredient known as wood alcohol, furnishes the same to another, either directly or by placing it where he knows that the other person will find it and drink it, and thus furnishes the liquor with the intention that the other person shall drink it and become injured thereby, and where the latter, in ignorance of the poisonous character of the liquor, drinks it, and by reason of its poisonous character suffers a physical injury from drinking it, the person so furnishing the liquor is liable for the wilful and intentional injury thus caused."

The facts of the instant case are in material particulars parallel with those of *Keiley* v. *Bristol,* 30 *Ga. App.* 725, supra. Here the alcoholic beverage given by the defendant to the child plaintiff was alleged to contain deleterious ingredients. The petition contained the averment: "That vodka is a strong and intoxicating alcoholic beverage of Russian origin, which, when fed to very young children, poisons the tissues, stunts the growth, and inhibits mental development. That the feeding of vodka to said petitioner not only poisoned her tissues, stunted her growth, inhibited her mental development and was deleterious to her physical health and welfare, but was habit forming and, if continued, would contribute to the moral delinquency of said child." The cases are parallel in that in both the persons who partook of the beverage were unaware of its dangerous qualities. In the *Keiley* case, supra, the plaintiff was ignorant of the liquor's contents, not having been advised of the same by the defendant who furnished it. In the instant case the child was only 22 months of age, and obviously not capable of knowing or apprehending that the liquor administered to her possessed deleterious qualities.

According to Code § 105-1205, a father may recover damages of one who, without his consent, furnishes alcoholic liquor to his minor child. The statutory right of the father to damages for a tort committed against his minor child, does not affect the infant's right to recover damages, in a suit brought through his next friend, for physical injuries inflicted upon his person. *Clark* v. *Southern Ry. Co.,* 20 *Ga. App.* 274 (1) (92 S. E. 1020) ; *Hooper* v. *Southern Ry. Co.,* 112 *Ga.* 96 (37 S. E. 165).

The petition set forth a cause of action for recovery of the

damages prayed. The superior court order overruling the general demurrer is affirmed.

Special demurrers Nos. 1, 2, 4, 5, 7, 8, 9, 10, 11, 13, 14, 15, 16, 19, 20, 21, 22, 24, 25 and 26 attacked the allegations of certain paragraphs of the petition which served to set forth the history of the case and make clear its factual background. The averments attacked were matters of inducement, properly pleaded, and were not subject to demurrer. The superior court order overruling these special demurrers is affirmed.

Special demurrer No. 3 demurring to allegations set out in paragraph 4 of the petition on the grounds that the facts set forth were neither relevant nor material to the cause pleaded was properly sustained.

Special demurrer No. 6 demurring to that portion of the allegations set forth in paragraph 7 of the petition, reading as follows, "on account of the cruel treatment of his said wife toward him at and prior to said time," on the grounds that the facts set forth were neither relevant nor material to the cause pleaded was properly sustained.

Special demurrer No. 12 demurring to allegations set out in paragraph 10 of the petition on the grounds that the facts set forth were neither relevant nor material to the cause pleaded was properly sustained.

Special demurrer No. 17 asserts that the averment contained in paragraph 15 of the petition that the defendant in administering the vodka to the child, did so with "wilful and malicious intention" was a conclusion. However, facts were alleged in the petition from which the jury might infer wilful and malicious intent on the part of the defendant in administering the deleterious liquor to the child. The special demurrer No. 17 was properly overruled.

Special demurrer No. 18 objecting to that allegation in paragraph 16 of the petition, "That the feeding of vodka to said petitioner not only poisoned her tissues, stunted her growth, inhibited her mental development, and was deleterious to her physical health and welfare, but [sic] was habit forming. . ." was properly overruled.

Special demurrer No. 23 objects to a part of the petition's paragraph 18, setting out that the defendant caused the plaintiff's

child to be removed to Florida. This being too uncertain in that it did not disclose the manner in which the defendant caused the child to be removed to Florida, the demurrer was properly sustained.

Not all of paragraph 19 of the petition was unsupported by factual allegations, hence the defendant's special demurrer 27 that attacks the whole paragraph as a conclusion was properly overruled.

Special demurrers Nos. 27 and 28 objecting to paragraph 21 of the petition on the grounds that it sets forth conclusions of the pleader not based upon factual allegations were properly sustained.

Special demurrer 29 attacking the allegations of the petition in paragraph 23 asserting the right of the plaintiff to recover punitive damages was properly overruled as the allegations were appropriate to the cause pleaded and correct in form.

Special demurrer 30 was properly overruled as paragraph 24 of the petition showed a right in the plaintiff to recover expenses of litigation. This is controlled by *Dodd* v. *Slater, ante*.

*Judgment on main bill affirmed in part and reversed in part. Judgment on cross-bill affirmed in part and reversed in part. Felton, C. J., and Nichols, J., concur.*