40107. MILLER v. FRIEDMAN'S JEWELERS, INC.

842

DECIDED MAY 24, 1963.

*Myrick & Braziel, William F. Braziel,* for plaintiff in error.
*Lewis, Wylly & Javetz, Emanuel Lewis,* contra.

RUSSELL, Judge. "Where one engaged in a retail mercantile business impliedly extends an invitation to the public to trade there, a customer visiting the establishment in response to such invitation is entitled to protection from the tortious mistreatment or misconduct of the employees of the person conducting such business." *Southern Grocery Stores v. Keys,* 70 Ga. App. 473 (2) (28 SE2d 581); *Mansour v. Mobley,* 96 Ga. App. 812,

815 (101 SE2d 796). The misconduct must, however, be an invasion of a legal right of the plaintiff, and must in itself amount to a tort, before the right is legally enforceable for nominal or general damages. "The mere cursing of another (not amounting to slander) is not a violation of a legal right or duty capable of enforcement by process of law. The civil law does not undertake to redress psychological injuries unsupported by actual or nominal damage. The defendant owes the plaintiff the moral obligation not to curse her, but this is too delicate and subtle an obligation to be enforced in the rude way of getting money compensation for a violation of this mere moral obligation." *Atkinson v. Bibb Mfg. Co.*, 50 Ga. App. 434 (178 SE 537). To the same effect see *Anderson v. Fussell*, 75 Ga. App. 866 (44 SE2d 694) where the defendant's words fell short of slander, and his acts consisted of refusing to serve the plaintiff at a restaurant of which he was the owner; *Buice v. Citizens &c. Bank*, 71 Ga. App. 563 (31 SE2d 414), where a charge of the court was upheld which stated in substance that cursing of another not amounting to slander was not a violation of any legal right capable of enforcement in law; and *Kitchens v. Williams*, 52 Ga. App. 422 (183 SE 345) ; where the defendant cursed at and in the presence of the plaintiff, a woman, the holding being to the effect that the conduct, although reprehensible, was not an invasion of any legal right of the plaintiff. In Johnson v. General Motors Acceptance Corp., 228 F2d 104, the Federal district court held under a similar state of facts: "No Georgia cases are cited and we have been able to find none which go so far as to hold that abusing, insulting, harrowing and cursing an individual constitutes a wrong cognizable under the law of torts in the State of Georgia." The distinction between these cases and *Mansour*, supra, lies in the fact that in *Mansour* the employee did in fact commit two torts: slander and false imprisonment, and although the corporation could not be sued directly for these torts it could be sued on the theory that it owed a duty to the customer to prevent her from being subjected to tortious misconduct on the part of its employees. The words alleged here are not slanderous, and no physical injury or other tort on the part of the employee is alleged. The most that can

be said is that the plaintiff has been subjected to a moral wrong which does not, however, amount to the invasion of a legal right so as to entitle him to damages.

The trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*