41050. TOWLER v. JACKSON et al.

JORDAN, Judge. Mrs. James W. Towler filed suit in the Superior Court of Gwinnett County against H. B. Jackson, the General Motors Acceptance Corporation, and four of its agents and employees, James E. Davis, Glenn L. Taylor, Edgar D. Davis, and E. Hunter Fox to recover the sum of $250,000 as damages for pain and suffering sustained by her as the result of a miscarriage allegedly brought about by the actions of the defendants in inquiring of her by telephone as to the whereabouts of her husband.

Her petition alleged that on or about December 6, 1963, the named representatives of the corporate defendant entered the premises of petitioner's husband at Towler Motor Company in Lawrenceville, Georgia, and while engaged in the business of the corporation, entered the office of the defendant Jackson, one of her husband's employees, closed the door thereto and insisted and demanded that Jackson telephone the home of petitioner to determine the whereabouts of her husband; that on said date and at the time of the telephone call, Jackson "knew that petitioner knew that her husband had had heart trouble and that to call petitioner at home and to ask where her husband was would upset petitioner and cause her to become upset, nervous and frightened concerning her husband, and that it was not usual or normal for defendant Jackson or other employees of petitioner's husband to call petitioner asking the whereabouts of her husband; that "notwithstanding the foregoing and the efforts of defendant Jackson to persuade the other defendants that he did not desire to call petitioner, defendants Edgar D. Davis and E. Hunter Fox, while in the presence of defendant Glenn L. Taylor and

James E. Davis, insisted, persisted and demanded that defendant Jackson call petitioner to determine where her husband was"; that Jackson at their insistence did telephone petitioner and did ask her where her husband was; and that at the time of the call by Jackson, petitioner, "when asked where her husband was, replied that he was at work, as usual, and petitioner became upset and immediately wanted to know if anything had happened to her husband."

The petition further alleged that the plaintiff was pregnant at the time she received the telephone call; that the acts of the defendants in calling petitioner and asking the whereabouts of her husband caused her to become upset, highly nervous and apprehensive as to the safety, welfare and whereabouts of her husband; and that she suffered a miscarriage as a direct result of the alleged wilful and deliberate actions of the defendants which were done "with utter disregard for the results therefrom and without regard for the consequences, privacy, damages, feelings and circumstances to and for others, and were made in an unrestricted and unwarranted effort to locate petitioner's husband without regard to the consequences."

The trial court sustained the defendants' general demurrers and dismissed the petition, and the exception is to that judgment. *Held:*

"Where the injuries alleged appear to have resulted entirely from fright or shock, unaccompanied by physical contact, in order to set forth a cause of action it is necessary to show either (1) that the injuries were the natural and proximate result of the fright or shock, that this result was or should have been foreseen with reasonable certainty by the defendant, and that the act was one of such gross carelessness, coupled with a knowledge of the probable physical results as amount to wilful disregard of the consequences; or (2) that the fright was brought about by the deliberate and malicious intention on the part of the defendant to injure the plaintiff." *Hamby v. Edmunds Motor Co.,* 80 Ga. App. 209 (55 SE2d 743); *Goddard v. Watters,* 14 Ga. App. 722 (2) (82 SE 304); *Logan v. Gossett,* 37 Ga. App. 516 (140 SE 794); *Clack v. Thomason,* 57 Ga. App. 253 (195 SE 218).

When the plaintiff's petition is stripped of its conclusions and confined to the actual facts stated therein, it is apparent that, as suggested in the brief of defendants' counsel, "An inno-

10

cent telephone call and an unforeseen miscarriage is the sum and substance of plaintiff's purported cause of action"; and under the decisions cited above, the allegations of the petition are utterly insufficient to state a cause of action based on either of the two theories enumerated in the *Hamby* case, supra.

The trial court did not err, therefore, in sustaining the defendants' general demurrers and in dismissing the petition.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*

DECIDED JANUARY 12, 1965.

G. *Hughel Harrison*, for plaintiff in error.

*Webb & Fowler, R. F. Duncan, Greene, Neely, Buckley & DeRieux, Edgar A. Neely, Jr., James A. Eichelberger*, contra.