41413. BEAVERS et al. v. JOHNSON.

Argued July 8, 1965—Decided November 23, 1965.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Jefferson Davis, Jr., George B. Haley, Jr.,* for plaintiffs in error.
*Reuben A. Garland, Edward T. M. Garland,* contra.

Deen, Judge. It was held in *Hamby v. Edmunds Motor Co.*, 80 Ga. App. 209 (55 SE2d 743): "Where the injuries alleged appear to have resulted entirely from fright or shock, unaccompanied by physical contact, in order to set forth a cause of action it is necessary to show either (1) that the injuries were the natural and proximate result of the fright or shock, that this result was or should have been foreseen with reasonable certainty by the defendant, and that the act was one of such gross carelessness, coupled with a knowledge of the probable physical results as amount to wilful disregard of the consequences; or (2) that the fright was brought about by the deliberate and malicious intention on the part of the defendant to injure the plaintiff." The petition includes allegations that "defendant Beavers and E. A. Jones . . . while in the scope of their employment . . . with deliberate and malicious intention to injure plaintiff, and with the knowledge that the accusations made were false and unfounded, did accuse plaintiff of stealing the sum of $208," as well as allegations that the defendant's acts had the effect of causing plaintiff to become physically sick, nervous, shocked, distraught, and under the care of a doctor for approximately 11 months up to the time of filing the petition, that she is suffering from mental illness, has been permanently injured, will have to have special prescriptive medicine for the rest of her life, and because of the injuries set out is now unable to find employment although she has attempted to do so. It is also alleged that Beavers, individually as an agent for the defendant company, was fully aware that the natural consequences of such wilful misconduct would be the plaintiff's resulting shock and breakdown of her mental and nervous system. Allegations stating the knowledge and intention of the opposite party usually constitute allegations of fact rather than conclusions, even as against a special demurrer. *Stewart Oil Co. v. Bryant*, 93 Ga. App. 191 (91 SE2d 48); *Georgia N. R. Co. v. Hathcock*, 93 Ga. App. 72 (91 SE2d 145); *Georgia Power Co. v. Blum*, 80 Ga. App. 618 (3a) (57 SE2d 18); *Warner Bros. Pictures v. Stanley*, 56 Ga. App. 85 (6) (192 SE 300); *Nelson v. Estill*, 190 Ga. 235 (3) (9 SE2d 73); *Jackson v. Co-op Cab Co.*, 102 Ga. App. 688 (117 SE2d

627); *Johnston v. Dollar,* 83 Ga. App. 219 (63 SE2d 408; *Dodd v. Slater,* 101 Ga. App. 362 (114 SE2d 170). Clear proof that employees of the defendant corporation, *knowing the plaintiff had not committed a theft,* informed the plaintiff they had instructions from the home office to put her in jail if the alleged shortage were not made up and "that they were going to immediately call the police and have her locked up unless she paid them the money right now" demonstrates wilful and tortious misconduct for which an action will lie. This does not mean that an employer has no right to investigate a shortage or even, in a proper case, to point out the likely results of misconduct on the part of the employee, but knowledge that the accusation is untrue coupled with a threat of immediate harm if money is not paid over is no less than an attempt to extort money by threat of violence and is as much an invasion of a private right of the individual as any other right, such as the right of privacy. Nor is the petition defective in failing to show that the plaintiff has been damaged. "Where physical or mental impairment flows naturally as a direct consequence of the tort, there has been *injuria* in its legal sense, and recovery may be had both for it and the accompanying fright and mental suffering. *Hines v. Evans,* 25 Ga. App. 829 (105 SE 59); *Williamson v. Central of Ga. R. Co.,* 127 Ga. 125 (56 SE 119)." *Pinkerton Nat. Detective Agency v. Stevens,* 108 Ga. App. 159, 166 (132 SE2d 119). And see *Marcelli v. Teasley,* 72 Ga. App. 421 (33 SE2d 836); *Candler v. Smith,* 50 Ga. App. 667, 673 (179 SE 395); *Atlanta Hub Co. v. Jones,* 47 Ga. App. 778, 780 (171 SE 470).

It is recognized that under the facts alleged the plaintiff's discharge, with or without cause, would not give basis for the right of action which she seeks to establish nor is any part of this petition predicated on the discharge as the foundation of the claim for damages.

This case is not in conflict with *Barry v. Baugh,* 111 Ga. App. 813 (143 SE2d 489), where it was held that abusive language alone will not constitute a tort, and where the words used were not spoken with the intention of coercing the plaintiff, injuring her, or influencing her conduct. Nor is it in conflict

with *Towler v. Jackson,* 111 Ga. App. 8 (140 SE2d 295) where the defendant telephoned the plaintiff for the sole purpose of acquiring legitimate information, and the fact that the plaintiff became frightened and suffered a miscarriage could not reasonably have been foreseen by him.

The trial court did not err in overruling the general demurrers to the petition.

*Judgment affirmed. Nichols, P. J., Hall and Eberhardt, JJ., concur. Felton, C. J., concurs specially. Pannell, J., concurs in the judgment. Bell, P. J., Frankum. and Jordan, JJ., dissent.*

FELTON, Chief Judge, concurring specially. I concur in the judgment and in all that is said in the opinion except that I do not agree that the majority ruling in *Barry v. Baugh,* 111 Ga. App. 813, supra, is not inconsistent with the ruling in this case.

JORDAN, Judge, dissenting. This court recently held in *Barry v. Baugh,* 111 Ga. App. 813 (143 SE2d 489), that in the absence of a tort otherwise cognizable at law, and in the absence of injury to purse or person other than mere wounded feelings, the use of abusive language to another not amounting to slander will not give rise to a cause of action in the person whose mental tranquillity has been disturbed by the offensive language. We there laid a floor of minimum requirement for actions attempted to be brought within the purview of *Code* § 105-2003 referring to torts where "the entire injury is to the peace, happiness, or feelings of the plaintiff" and reached the conclusion that a legal wrong must exist; the wounding of the plaintiff's feelings, and even the gratuitous infliction of unhappiness, relates to the damages awarded but does not in and of itself create the tort.

The majority ruling here follows the reasoning of Judge Felton's dissent in *Barry v. Baugh,* 111 Ga. App. 813, supra, and clearly overrules the holding there made and all other cases cited as authority therein. See Judge Felton's remarks in his special concurrence in this case.

Also in the recent case of *Miller v. Friedman's Jewelers, Inc.,* 107 Ga. App. 841 (131 SE2d 663) we said "the misconduct must, however, be an invasion of a legal right of the plaintiff, and must

in itself amount to a tort, before the right is legally enforceable for nominal or general damages," citing Johnson v. General Motors Acceptance Corp., 228 F2d 104, in which the Federal district court stated, "No Georgia cases are cited and we have been able to find none which go so far as to hold that abusing, insulting, harrowing and cursing an individual constitutes a wrong cognizable under the law of torts in the State of Georgia."

The trial court in overruling the general demurrers in this case indicated that its decision was based on the case of *Towler v. Jackson*, 111 Ga. App. 8 (140 SE2d 295). A reading of this case, however, would show it to be authority to the contrary, since it affirmed the trial court's order sustaining a general demurrer to the petition. The opinion in the *Towler* case, supra, followed the ruling of this court in *Hamby v. Edmunds Motor Co.*, 80 Ga. App. 209 (55 SE2d 743), which stated the necessary elements which must appear from a petition of this nature in order to withstand a general demurrer, the court concluding in that case that when the petition was stripped of its conclusions and confined to the actual facts stated therein, it failed to meet either of the conditions set forth.

We are of the opinion that the petition in the instant case when stripped of its conclusions fails to meet either of the conditions set forth in the *Hamby* case, supra.

The facts set forth in the petition in *Atkinson v. Bibb Mfg. Co.*, 50 Ga. App. 434 (178 SE 537), show that the defendant's foreman publicly cursed and insulted the plaintiff employee while holding an open knife in his hand and then discharged the plaintiff from employment in the mill. This court, one judge dissenting, in holding that the trial court properly dismissed the petition on general demurrer, said at p. 435, "The defendant owes the plaintiff the moral obligation not to curse her, but this is too delicate and subtle an obligation to be enforced in the rude way of getting money compensation for a violation of this mere moral obligation. Where the mental pain and anguish result from a wanton and wilful wrong which is a violation of a *legal* right or duty owed to the plaintiff although unaccompanied by a physical injury or monetary loss, recovery can be had for mental pain and anguish; but, if the mental pain and

anguish result from mere violation of a mere *moral* obligation, there can be no recovery." (Emphasis supplied).

The facts alleged in the instant petition are insufficient to show the violation of any legal duty. The petition, stripped of its conclusions, shows that after an auditor of the defendant company discovered a shortage in the office, the plaintiff cashier was called into the defendant Beavers' office and notified of the alleged shortage, at which time a demand was made that she immediately pay them the alleged shortage. Two days later she was again called into the private office of the defendant Beavers and again accused of being responsible for the shortage, being told at that time that, if the alleged shortage was not made good at once, they would immediately call the police and have her "locked up." Upon the plaintiff's refusal to pay the alleged shortage the defendant Beavers thereupon fired her. At all times the defendant Beavers was alleged to be acting in the scope of his employment as an agent of the defendant company. In the absence of a contract to the contrary, the plaintiff had no vested right in her continued employment and the defendant was at liberty to fire her at any time and for any cause, or indeed without a cause. Under such conditions no right of action would accrue to the plaintiff even though she alleges (as here) that as a result of such deliberate act she suffered shock, mental anguish, and physical illness, for the simple reason that there was no violation of a legal right. *Code* § 105-101. "If no tort is committed, the fact that there are wounded feelings, humiliation and fright, will not give rise to a cause of action." *Barry v. Baugh,* 111 Ga. App. 813, 816, supra.

It is clear that no cause of action for slander is stated against the defendants since it affirmatively appears that the alleged accusation was made in a private office and there is no allegation that there was a publication. It is further clear that the petition could not set forth an action for slander against the corporate defendant under the ruling of *Behre v. National Cash Register Co.,* 100 Ga. 213 (1) (27 SE 986).

The petition does not state a cause of action under the "tortious misconduct" theory since that doctrine is only applied in

cases where there is a violation of a duty owed to an invitee on the premises of another. The only other cause of action possibly alleged in the petition would be a violation of the rule stated in the 1948 Supplement to Restatement of the Law, Torts, § 46, p. 612 which reads as follows: "One who, without a privilege to do so intentionally causes severe emotional distress to another is liable: (a) for such emotional distress and (b) for bodily harm resulting from it."

Recent opinions of this court cited herein show that such a cause of action has not as yet been recognized by the legislature or the courts in this State. The majority opinion is a judicial usurpation of legislative prerogative.

The trial court erred in overruling the general demurrers to the petition.

I am authorized to state that Bell, P. J., and Frankum, J., concur in this dissent.