### 42701. F. W. WOOLWORTH COMPANY v. LOGGINS.

HALL, Judge. The defendant appeals from judgments overruling its general demurrer to the petition and its motion for summary judgment. The plaintiff alleged that she ate lunch at the counter in the defendant's store and had with her a lamp purchased from another store a while earlier; she left the defendant's store after lunch carrying the lamp; she had crossed to the center of the street when the defendant's employee, acting in the business interest of the defendant and in the course of her employment, ran up behind her, took the lamp out of her hand and ran back into the store. The plaintiff followed the employee back in; the employee called the manager and he asked the plaintiff if she had not taken the lamp from the store; he finally returned the lamp to the plaintiff in a paper sack. The acts of the defendant were wilful, malicious and in bad faith, and the acts of its agent in going out of the store and into the street and snatching the lamp in the public street in the presence of many persons, displaying to the community that the plaintiff had stolen the lamp, caused the plaintiff mental suffering, humiliation and injury to her reputation and feelings.

1. *Assault and battery.* (a) The petition states an action for assault and battery as against general demurrer. *Greenfield v. Colonial Stores,* 110 Ga. App. 572 (1) (139 SE2d 403);

*McCullough v. State*, 57 Ga. App. 863, 867 (197 SE 68); *Southern Finance Co. v. Alexander*, 113 Ga. App. 740 (149 SE2d 526).

(b) With regard to the overruling of the defendant's motion for summary judgment, the deposition of the plaintiff is not clear as to whether the defendant's employee took the lamp from the plaintiff or that the plaintiff gave the lamp to the employee. The affidavit of the plaintiff states that the defendant's employee wrung and jerked the lamp from her hand without her consent and said, "Where did you get this?" The plaintiff replied that she got it at Emmett Furniture Store and paid for it, and the employee said, "I'll have to take it in." "The burden is upon the moving party to establish the lack of a genuine issue of fact and the right to a judgment as a matter of law, and any doubt as to the existence of such an issue is resolved against the movant. 3 Barron & Holtzoff, Federal Practice & Procedure, 138, § 1235; 6 Moore's Federal Practice, 2123, § 56.15 (3). The party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence." *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4-5 (126 SE2d 442).

2. *False imprisonment.* We are of the opinion that neither the petition nor the evidence submitted on the motion for summary judgment shows a cause of action for false imprisonment. *Abner v. W. T. Grant Co.*, 110 Ga. App. 592, 594 (139 SE2d 408).

3. *Slander.* Neither the pleadings nor the evidence shows a cause of action for slander against the defendant. *Behre v. National Cash Register Co.*, 100 Ga. 213 (27 SE 986, 62 ASR 320); *Sims v. Miller's, Inc.*, 50 Ga. App. 640, 642 (179 SE 423).

4. *Tortious misconduct.* In addition to the facts stated in the plaintiff's petition and in Division 1 of this opinion the plaintiff's affidavit and deposition submitted with the plaintiff's motion for summary judgment showed that after the plaintiff had followed the employee back inside the store the plaintiff said, "Ruth, do you think I stole that?" and the employee said, "Well, we'll have to check it." When the manager and the employee were talking people were going in and out and

they spoke with one other person who said she didn't know anything about it.

The facts presented do not show tortious misconduct. See *Abner v. W. T. Grant Co.*, 110 Ga. App. 592 (1), supra; *Miller v. Friedman's Jewelers, Inc.*, 107 Ga. App. 841 (131 SE2d 663); *Brown v. Colonial Stores, Inc.*, 110 Ga. App. 154 (138 SE2d 62); *Davis v. General Finance &c. Corp.*, 80 Ga. App. 708 (57 SE2d 225); *Zayre of Atlanta v. Sharpton*, 110 Ga. App. 587 (139 SE2d 339); *Beavers v. Johnson*, 112 Ga. App. 677 (145 SE2d 776); *Barry v. Baugh*, 111 Ga. App. 813 (143 SE2d 489).

There being a genuine issue of fact as to the alleged assault and battery, the trial court did not err in denying the defendant's motion for summary judgment.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED APRIL 3, 1967—DECIDED APRIL 14, 1967.

*Robinson, Thompson, Buice & Harben, C. Frank Strickland, Jr.*, for appellant.

*Howard Oliver, Jr.*, for appellee.