### 48562. MASSEY v. PERKERSON et al.

Evans, Judge. Mrs. Virginia Kennedy Massey sued Wilbur Perkerson, Chief of Police of Valdosta, Ga., and Tommie Pitts and P. H. Walker, police officers of Valdosta. She alleged that Pitts and Walker maliciously, wilfully, spitefully and deliberately trespassed upon her property and there beat her nephew unmercifully, which beating took place in plaintiff's presence. She alleged that said policeman threatened plaintiff with bodily harm and destroyed certain of her property, all of which caused shock and injury to her emotionally and to her nervous system, resulting in her hospitalization and the expense thereof, as well as other expenses.

The allegations as to Chief of Police Perkerson were that plaintiff's brother had telephoned him and requested that he be allowed

to see the victim of the beating (plaintiff's nephew) and that medical treatment be obtained for him, which requests were refused.

Defendant Perkerson moved to dismiss because no claim was stated against him, which motion was granted, and he was stricken from the complaint as a party defendant. Plaintiff appeals. *Held:*

1. Under the Civil Practice Act when the sufficiency of a complaint is questioned, the pleadings must be construed in the light most favorable to the plaintiff. Instead of being construed as formerly, pleadings are now "notice pleadings" and all doubts must be construed in favor of the complaint, even where unfavorable constructions might also arise therefrom. *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Ghitter v. Edge,* 118 Ga. App. 750 (1) (165 SE2d 598); *Tri-City Sanitation v. Action Sanitation,* 227 Ga. 489 (181 SE2d 377).

2. But even under the present law as to construction of complaints most favorably toward the pleader, a complaint will be dismissed where no claim is stated, or where the facts alleged show that plaintiff cannot recover. *Poole v. City of Atlanta,* 117 Ga. App. 432, 434 (160 SE2d 874); *Mathews v. McConnell,* 124 Ga. App. 519 (184 SE2d 491); *Myers v. Clark,* 126 Ga. App. 154, 155 (190 SE2d 134).

3. Although plaintiff does not allege any actual trespass upon her person, or the striking of any blow against her, she does allege that while the two policemen were trespassers on her property, and while damaging her shrubbery and flowers, they unmercifully beat her nephew in her presence and threatened her with similar conduct. Ordinarily, one cannot sue another for mere emotional upset, absent any physical contact, but in cases of wilful and wanton conduct such recovery has been upheld. See *Towler v. Jackson,* 111 Ga. App. 8, 9 (140 SE2d 295); *Barry v. Baugh,* 111 Ga. App. 813, 817 (143 SE2d 489); *Beavers v. Johnson,* 112 Ga. App. 677, 682 (145 SE2d 776).

4. No contention is made by complainant that Chief of Police Perkerson was present, or that he ordered or supervised the tortious conduct alleged against the two policemen. Contrary to the rule as to the liability of a sheriff for the tortious conduct of his deputies in line of duty (Code § 24-2812), there is no statute of which we are aware that makes a chief of police liable for the tortious conduct of the individual policemen who serve under him. It is not alleged that the charter provisions or city

ordinances so provide.

5. As to damage to plaintiff's shrubbery, and her emotional upset (provided it is shown that same is within the category of such cases as are discussed in the authorities in the 3rd Division of this opinion), plaintiff is relegated to her complaint against the two policemen who she alleges caused this damage.

6. As to the allegation that the chief of police refused to furnish or allow medical assistance to plaintiff's nephew, if any right of action may be asserted therefor, it must be in the name of the nephew, and not in the name of his aunt. She does not allege that the nephew is a minor and that she stands in loco parentis as to such minor.

For the foregoing reasons, it was proper to dismiss the complaint as to the Chief of Police Perkerson, and to strike his name therefrom as a party defendant.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

SUBMITTED SEPTEMBER 17, 1973 — DECIDED OCTOBER 11, 1973.

*John S. Boswell, Sr.,* for appellant.
*Henry T. Brice,* for appellees.