**Benny YOUNG, Plaintiff,**

v.

**COLONIAL OIL COMPANY and Colonial Service Stations, Inc., Defendants.**

**Civil A. No. 76–202–MAC.**

United States District Court,
M. D. Georgia,
Macon Division.

June 2, 1978.

Richard L. Stumm, O'Callaghan, Saunders & Stumm, Atlanta, Ga., for plaintiff.

Hubert C. Lovein, Jr., Jones, Cork, Miller & Benton, Macon, Ga., for defendants.

OWENS, District Judge:

In this civil action plaintiff is attempting to recover damages for the emotional distress allegedly caused by the defendant when it forced him out of the gasoline retailing business because he refused to participate in a vertical price fixing scheme. He claims that he is entitled to these damages in two ways: first, he asserts that emotional distress is a recoverable element of damages in an antitrust case and that under Count I of his complaint, which alleges a violation of the Sherman Act, he can therefore recover these alleged damages; second, in Count III of his complaint he brings a pendant state claim for the intentional infliction of emotional distress. The defendant, Colonial Oil Company, has moved for partial summary judgment on the question of whether these damages are recoverable.

Plaintiff is not entitled to damages for emotional distress under either of his theories of recovery. The private cause of action for treble damages under the antitrust laws is limited to business or property damages which harm a business enterprise. *Hawaii v. Standard Oil Co.,* 405 U.S. 251, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972); *see* 15 U.S.C.A. § 15. Emotional distress to an individual is not a "business injury" which is contemplated by the antitrust laws and is not, therefore, a recoverable element of damages under Count I.

With respect to Count III the facts of this case do not state a claim for the intentional infliction of emotional distress. Although Georgia does recognize the tort of intentional infliction of emotional distress, the acts of the defendant must be particularly outrageous so that the defendant's misdeed approaches ordinary assault.

*American Finance & Loan Corp. v. Coots,* 105 Ga.App. 849, 125 S.E.2d 689 (1962); *Delta Finance Co. v. Ganakas,* 93 Ga.App. 297, 91 S.E.2d 383 (1956). Even assuming that all of the plaintiff's factual allegations are true, they amount to no more than a business dispute about pricing policies of the plaintiff and the final termination of the plaintiff's lease at the gas station. While this may indeed have caused considerable worry to the plaintiff, it does not amount to the kind of egregious, physically intimidating conduct that is necessary to state a claim for the intentional infliction of emotional distress. On this summary judgment motion the plaintiff has had an opportunity through either affidavits or citation to the plaintiff's deposition to point out the alleged misconduct on the part of the defendants and has failed to do so. The record of the case, even assuming the truth of the plaintiff's assertions and drawing all reasonable inferences in his favor, does not contain any facts which would support Count III.

The court concludes that the plaintiff cannot in this case recover for emotional distress, either through the Sherman Act or through the pendent state claim in Count III. Accordingly, the defendant is granted partial summary judgment on Count III and emotional distress shall not be allowed as an element of damages in Count I.