STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-636

Jun 2 11 30 AM '02 REC-CUM- 6/24/2002

LEIGH R. FRANKENFIELD,

Plaintiff,

v.

ORDER ON DEFENDANT'S
MOTION TO DISMISS
PLAINTIFF'S DAMAGE CLAIM

KENNEBEC BEAN CO., INC.,

Defendant.

DONALD L. GARBRECHT
LAW LIBRARY

JUN 25 2002

## ORDER

The underlying complaint arises out of a business transaction gone awry. During the course of pleadings, the plaintiff filed a counterclaim to the defendant's counterclaim, which the court determined would be treated as an amendment to the complaint. The added claim was an assertion that the defendant had violated the antitrust laws of the United States and the State of Maine, including 10 M.R.S.A. § 1101 et seq. and 15 U.S.C. § 1 et seq. In conjunction with this assertion, the plaintiff conceded that "although [p]laintiff has not been damaged financially or monetarily, [p]laintiff has suffered loss of enjoyment of life, in that [p]laintiff derived great enjoyment and pleasure in planting and harvesting crops of dry beans, which is not now available to him without a market for his crop." Plaintiff's Reply to Counterclaim and Counterclaim p. 5, ¶ 18. The plaintiff requested an award of damages for his loss of enjoyment of life. The defendant now seeks dismissal of the plaintiff's request for damages as to the antitrust claim.

Both the state and federal antitrust statutes require a business injury to permit

a person to recover damages from a violator of the antitrust statutes.[1] Claimants have been denied recovery for non-business injuries. See Young v. Colonial Oil Co., 451 F. Supp. 360 (M.D. Ga. 1978) ("Emotional distress to an individual is not a 'business injury' which is contemplated by the antitrust laws and is not, therefore, a recoverable element of damages" under the Sherman Act); L'Atrella v. Weight Watchers Int'l, 1998 WL 166467 (Conn. Super.) ("The plaintiff cannot recover these personal injuries [- shock to her nervous system, migraines and loss of sleep -] under the antitrust statutes"). The court concludes that "loss of enjoyment of life" is a personal injury for which there is no recovery under either the federal or state antitrust statutes. Accordingly, the defendant's motion to dismiss the plaintiff's antitrust damage claim is granted.

The entry is

The defendant's motion to dismiss the plaintiff's antitrust damage claim is GRANTED.

Dated at Portland, Maine this 24th day of June 2002.

Robert E. Crowley
Justice, Superior Court

---

[1] Section 1104 of Title 10 of the Maine Revised Statutes Annotated allows recovery for "[a]ny person . . . injured directly or indirectly in its business or property . . . ." Section 15(a) of Title 15 of the United States Code provides that "any person who shall be injured in his business or property" may recover.

| Date Filed | 11-14-01 | Cumberland | Docket No. | CV-01-636 |

County

Action _____ REMOVAL FROM D.C. - CONTRACT



LEIGH R. FRANKENFIELD          vs.          KENNEBEC BEAN CO., INC.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| STEPHEN A. CANDERS, ESQ.<br>11 Main Street, Suite 1<br>Kennebunk, ME 04043<br>(207) 985-1199 | ALTON C. STEVENS, ESQ.<br>44 Elm Street, P.O. Box 708<br>Waterville, ME 04903-0708<br>(207) 873-0186 |

| Date of Entry | |
|---|---|
| 2001<br>Nov. 15 | Received 11-14-01:<br>Defendant's Notice of Removal to Superior Court filed.<br>All paperwork received from 9th District Court, Division of Southern Cumberland (District Court Docket # POR-CV-2001-1010). |
| Nov. 26 | Received 11-26-01:<br>Plaintiff's Notification of Discovery Service filed.<br>Plaintiff Leigh R. Frankenfield's First Set of Interrogatories Propounded to Defendant Kennebec Bean Co., Inc. served on Alton C. Stevens, Esq., on 11-23-01. |
| "    " | Received 11-26-01:<br>Plaintiff's Notification of Discovery Service filed.<br>Plaintiff Leigh R. Frankenfield's First Request for Production of Documents to Defendant Kennebec Bean Co., Inc. served on Alton C. Stevens, Esq. on 11-23-01. |
| Nov. 27 | Received 11-27-01:<br>Scheduling Order filed.  (Crowley, J.)<br>Scheduling Order filed.  Discovery deadline is July 29, 2002.<br>Copies mailed Stephen Canders, Esq. and Alton Stevens, Esq. on 11-27-01. |
| Dec. 5 | Received 12-05-01:<br>Plaintiff's Reply to Counterclaim and Counterclaim with attached Exhibit A filed. |
| "    " | Counterclaim Summary Sheet filed. |
| Dec. 17 | Received 12-17-01:<br>Defendant's Motion to Dismiss Plaintiff's Counterclaim filed. |
| "    " | Defendant's Proposed Order filed. |
| Dec. 18 | Received 12-18-01:<br>Defendant's Notification of Discovery Service filed.<br>Defendant's Request for Production of Documents Propounded to Plaintiff served on Stephen A. Canders, Esq. on 12-18-01. |